SCOTT VOELZ (SBN 181415)
svoelz@omm.com
ALEXANDER J. LARRO (SBN 287737)
alarro@omm.com
CHRISTIANNA KYRIACOU (SBN 313379)
ckyriacou@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California  90071-2899
Telephone:   +1 213 430 6000
Facsimile:    +1 213 430 6407

Attorneys for Defendant
FedEx Ground Package System, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| KAWASKI CORLEY, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware Corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE OF REMOVAL**<br><br>(28 U.S.C. §§ 1332, 1441, 1446)<br><br>(San Bernardino County Superior Court Case No. CIV-DS1900867) |

TO PLAINTIFF AND THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant FedEx Ground Package System, Inc. ("Defendant" or "FedEx Ground"), removes the above-referenced action of Plaintiff Kawaski Corley ("Plaintiff") from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1332(a), 1441, and 1446. In support of removal, Defendant states as follows:

## I.    PROCEDURAL HISTORY

1.    This is a putative wage and hour class action. On January 9, 2019, Plaintiff filed the operative complaint in the Superior Court of the State of California for the County of San Bernardino, entitled *Kawaski Corley  v. FedEx Ground Package System, Inc. et al.,* Case Number CIV-DS1900867 (the "Complaint").

2.    This removal is timely under 28 U.S.C. § 1446(b). The Summons and Complaint were served on Defendant no earlier than February 8, 2019. True and correct copies of the Summons, Complaint, and related documents served upon FedEx Ground on that date are attached as **Exhibit A** to this Notice of Removal ("Notice"). Accordingly, FedEx Ground has filed this Notice of Removal within 30 days of service. *See, e.g., Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc .,* 526 U.S. 344, 347-48 (1999).

3.    The Complaint purports to state causes of action for:

a.    Declaratory Relief under California Code of Civil Procedure § 1060;

b.    Violation of California Labor Code §§ 1194, 1197 (Failure to Pay Minimum Wages);

c.    Violation of California Labor Code §§ 510, 1194, 1198 and IWC Wage Order 9 (Failure to Pay Overtime Wages);

d.    Violation of California Labor Code §§ 226.7, 512, and IWC Wage Order 9 (Failure to Provide Meal Breaks);

e.    Violation of California Labor Code §§ 226.7, 512, and IWC Wage Order 9 (Failure to Provide Rest Breaks);

f.    Violation of California Labor Code § 2802 (Failure to Reimburse for Necessary Business Expenses);

g.    Violation of California Labor Code §§ 226, 226.2, 226.3 (Failure to Provide Adequate Wage Statements);

h.    Violation of California Wage Order (Unlawful Deductions From Wages);

i.    Violation of California Business & Professions Code §§ 17200 *et seq.* (Unfair Competition); and

j.    Quantum Meruit/Unjust Unrichment.

4.    Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district embracing the place and county where the State Court case was pending and where the Complaint was filed.

5.    Based on information and belief, the only other pleading filed in this matter is FedEx Ground's Answer, filed on March 7, 2019, copy attached as **Exhibit B**. There are no other pleadings filed in this matter. A copy of the State Court case docket is attached hereto as **Exhibit C**.

**II.    NOTICE TO ADVERSE PARTIES AND STATE COURT**

6.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the San Bernardino County, California Superior Court, along with a notice of that filing, a copy of which will be served on all parties.

7.    Pursuant to 28 U.S.C. § 1446(d), FedEx Ground is serving written notice of the removal of this case on Plaintiff's counsel (identified below) via

DEFENDANT'S NOTICE OF REMOVAL

overnight delivery, a true and correct copy of which is being attached as **Exhibit D** to this Notice (without the exhibit thereto, which consists of this Notice):

> Stanley D. Saltzman
> Adam M. Tamburelli
> Cody R. Kennedy
> Marlin & Saltzman, LLP
> 29800 Agoura Road, Suite 210
> Agoura Hills, California 91301

## III.    THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION UNDER THE CLASS ACTION FAIRNESS ACT

8.      The Class Action Fairness Act ("CAFA") reflects Congress's intent to have federal courts adjudicate substantial class-action suits brought against out-of-state defendants. *See* S. Rep. No. 109-14, at 42-43 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 40-41; H. Rep. No. 108-144, at 35-37 (2005). To effectuate this purpose, CAFA provides that putative class actions filed in state court are removable to federal court and expands federal jurisdiction over such class actions by amending 28 U.S.C. section 1332 to grant original jurisdiction where, as here, the putative class contains at least 100 class members, the parties are minimally diverse, and the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

9.      "Congress intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). When a defendant seeks removal under CAFA, they "must file in the district court a notice of removal 'containing a short and plain statement of the grounds for removal . . . .'" *Id.* (quoting 28 U.S.C. § 1446(a)). By design, this statute "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014).

10.     This putative class action satisfies all the jurisdictional requirements under CAFA. Specifically, based on the allegations in the Complaint and the

- 4 -

attached declaration, (1) the proposed class consists of 100 or more members; (2) the parties are minimally diverse; (3) the amount in controversy exceeds the $5,000,000 jurisdictional threshold; (4) the primary defendants are not States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief; and (5) the exceptions to CAFA do not apply here. *See id*. at 552-53; *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-22 (9th Cir. 2007).

### A.    The Putative Class Size Exceeds 100 Members

11.    CAFA requires that the putative class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5)(B). In the Complaint, Plaintiff purports to represent all "persons who at any time during the Class Period . . . (1) were designated by Defendants as independent contractors; and (2) who performed work for Defendants as linehaul truck drivers in the State of California." (Compl. ¶ 18.) By Plaintiff's own admission, "[t]he members of the class are so numerous that joinder of all members would be impractical, if not impossible." (*Id*. ¶ 20.)

12.    FedEx Ground contracts with incorporated vendors who provide certain linehaul trucking services to FedEx Ground. Those vendors, in turn, employ the drivers who perform the trucking services. Some owners of these vendors perform driving services personally and some do not. Each linehaul vendor appoints an "Authorized Officer" to conduct business with FedEx Ground under the parties' contract, and typically a vendor owner who also personally drives a truck is designated as that vendor's Authorized Officer. FedEx Ground does not employ the drivers, owners, Authorized Officers, or anyone else employed by the vendors. (Declaration of Stephanie Ciummo ("Ciummo Decl.") ¶ 4, attached as **Exhibit E**.)

13.    FedEx Ground maintains certain records about the individuals who provide linehaul trucking services to FedEx Ground under the vendors' contracts for a variety of reasons, including to ensure that vendors provide qualified drivers

- 5 -

who can safely operate a vehicle. These records confirm that more than 100 of the vendors based in California with whom FedEx Ground has contracted have Authorized Officers who personally performed driving services under the vendors' contracts with FedEx Ground at some point between January 9, 2015, and the present. (*Id.* ¶ 5.)

### B.    There Is Sufficient Diversity of Citizenship

14.    The second CAFA requirement—that the parties be minimally diverse—is readily satisfied here, because at least one putative class member is a citizen of a different state than at least one defendant. 28 U.S.C. § 1332(d)(2).

15.    Plaintiff is a citizen of the State of California. (Compl. ¶ 11.)

16.    FedEx Ground is, and was at the time of the filing of this action, a corporation organized under the laws of Delaware, with its principal place of business in Moon Township, Pennsylvania. (Ciummo Decl. ¶ 3; *see also* FedEx Ground Corporate Disclosure Statement (filed herewith).) FedEx Ground's top leadership principals are located in Moon Township, Pennsylvania. For instance, the Company's President & Chief Executive Officer, Chief Financial Officer, General Counsel, and Chief Operating Officer are all located in and at all times relevant to this action have been located in Moon Township, Pennsylvania. All high-level decisions about FedEx Ground's business, strategy, operations, and investments are made from its headquarters in Moon Township, Pennsylvania. (Ciummo Decl. ¶ 3) Virtually all of FedEx Ground's high-level strategic planning, decisions and analysis are performed within its headquarters in Pennsylvania, and all litigation is overseen from the headquarters in Moon Township, Pennsylvania. (*Id.*)

17.    FedEx Ground is thus a citizen of Delaware and Pennsylvania for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State where it has its principal place of business . . . ."). Accordingly,

- 6 -

1  because there is at least minimal diversity between the parties, the second CAFA

2  requirement is satisfied. *See id*. § 1332(d)(2).

3  **C.     The Minimum Amount in Controversy Requirement Is Satisfied**

4  18.    To confer subject matter jurisdiction on this Court based on diversity

5  of citizenship, the amount in controversy must exceed the sum or value of

6  $5,000,000, exclusive of interest and costs. *Id*. Under CAFA, the claims of the

7  individuals comprising a putative class are aggregated to determine if the amount in

8  controversy exceeds the $5,000,000 jurisdictional threshold. *Id*. § 1332(d)(6).

9  Calculation of the amount in controversy includes punitive damages as well as

10  compensatory damages. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir.

11  2001), *superseded by statute on other grounds as stated in Bayol v. Zipcar, Inc*.,

12  No. 14-cv-02483-TEH, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015).

13  19.    To meet the amount-in-controversy requirement, a "defendant seeking

14  removal of a putative class action must demonstrate, by a preponderance of

15  evidence, that the aggregate amount in controversy exceeds the jurisdictional

16  minimum," if challenged. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975,

17  981 (9th Cir. 2013). Categories of damages considered in determining the amount

18  in controversy include: (1) compensatory damages, (2) punitive damages, (3) the

19  value of injunctive relief, and (4) attorneys' fees. *Dale v. St. Paul Fire & Marine*

20  *Ins. Co.*, No. 1:12-cv-00247-REB, 2012 WL 5199666, at *2 (D. Idaho Oct. 22,

21  2012) (citing *Cohn v. Petsmart*, Inc., 281 F.3d 837, 839 (9th Cir. 2002)); *Simmons*

22  *v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002)). Here, this means the

23  Court can consider the statutory damages, reimbursement and disgorgement of

24  sums allegedly improperly retained by Defendant, attorneys' fees and costs, and

25  punitive damages Plaintiff seeks on behalf of the putative class. (Compl., Prayer for

26  Relief.)

27  20.    Although FedEx Ground denies employing Plaintiff, denies employing

28  any putative class member, and denies that Plaintiff or any putative class member is

- 7 -

entitled to any relief from FedEx Ground, in determining the amount in controversy the Court must assume that the allegations in the Complaint are true. *Fong v. Regis Corp.*, No. 13-cv-04497, 2014 WL 26996, at *2 (N.D. Cal. Jan. 2, 2014). Furthermore, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S.Ct. at 554; *Garnett v. ADT LLC,* 74 F. Supp. 3d 1332, 1334 (E.D. Cal. 2015).

21.     Among his various claims, Plaintiff pleads an independent cause of action for reimbursement of expenses on behalf of himself and each class member. (Compl. ¶¶ 105-08.) Plaintiff, in particular, alleges that "Defendants maintain uniform policies, procedures, and practices requiring Plaintiff and Class Members to incur significant, substantial, and ongoing necessary business expenses that rightfully should have been borne by Defendants, and Defendants have failed to reimburse Plaintiff and Class Members for the said expenses." (*Id*. ¶ 107.) Plaintiff also alleges that "business-related expenses and costs delivery workers incurred includ[e], but [are] not limited to, fuel, maintenance, repairs, uniform costs and expenses, scanner fees, cell phone fees, GPS service fees, and liability and other insurance covering work place injuries or property damage." (*Id*. ¶ 74.) Accordingly, allegedly unreimbursed fuel costs are properly included in estimating the amount in controversy for purposes of establishing CAFA jurisdiction.

22.     FedEx Ground maintains records that document linehaul vendors' fuel purchases related to the vendors' provision of services to FedEx Ground. These records show that K Corley Trucking, Inc., the linehaul vendor for whom Plaintiff was the Authorized Officer, purchased fuel in the amounts of at least $63,000 in 2015, which roughly translates to about $1,200 per week. (Ciummo Decl. ¶ 6.) Assuming only a one-year contract during the class period for a minimum of 100 Authorized Officers, and that each incurred $1,200 per week in fuel costs, the reimbursement claim for fuel costs alone would amount to at least $62,400 for each

1  class member and, thus, at least $6,240,000 for the class as a whole. *See Branch v.*

2  *PM Realty Grp., L.P.*, 647 F. App'x 743, 746 (9th Cir. 2016) (recognizing that a

3  defendant is permitted to make reasonable assumptions in calculating the aggregate

4  amount-in-controversy for purposes of CAFA jurisdiction).

5       23.    Plaintiff also pleads causes of action for unpaid minimum wage and

6  overtime and demands liquidated damages, statutory penalties, and attorneys' fees,

7  as well as additional expenses like vehicle maintenance and insurance. (Compl.

8  ¶¶ 82-95, 105-12, Prayer for Relief ¶¶ 5-11, 14-15.) Thus, the amount in

9  controversy in this case easily exceeds $6.24 million.

10       24.    Accordingly, the $5,000,000 amount-in-controversy requirement for

11  CAFA jurisdiction is satisfied.

## IV.  THIS COURT HAS SUBJECT-MATTER JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441

14       25.    Additionally, this Court has subject matter jurisdiction under 28 U.S.C.

15  §§ 1332 and 1441 because this is a civil action in which the amount in controversy

16  as to Plaintiff's individual claims exceeds the sum of $75,000, exclusive of costs

17  and interest, and is between citizens of different states.

18       **A.**    **Complete Diversity of Citizenship Exists**

19       26.    As previously explained, Plaintiff is a citizen of the State of California

20  and FedEx Ground is, for the purposes of diversity jurisdiction, a citizen of

21  Delaware and Pennsylvania. (*See* ¶¶ 15-17, *supra*.)

22       27.    Because the parties are citizens of different states, and FedEx Ground

23  is not a citizen of the State of California, complete diversity exists and removal is

24  proper. 28 U.S.C. §§ 1332, 1441; *see also Snyder v. Harris*, 394 U.S. 332, 340

25  (1969) (recognizing that for class actions a court should consider only the

26  citizenship of the named parties when determining whether there is complete

27  diversity).

28

DEFENDANT'S NOTICE OF REMOVAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.    The Amount in Controversy for Plaintiff's Individual Claims Exceeds $75,000**

28.    The Complaint does not quantify the amount of damages Plaintiffs seek to recover in this action.

29.    To establish diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). When, as here, the complaint does not quantify the damages or requested relief, the removing party has the burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000, if challenged. *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). Again, however, the defendant's notice of removal must "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554.

30.    The allegations in the Complaint give rise to potential individual damages in excess of $75,000, thereby establishing that the amount in controversy meets the jurisdictional requirement.

31.    Among his various causes of action, Plaintiff asserts an independent cause of action for failure to reimburse his necessary business expenses, including the costs of fuel. (Compl. ¶¶ 74, 105-08.)

32.    As stated above, Plaintiff was the Authorized Officer for the vendor K Corley Trucking, Inc., which contracted with FedEx Ground to provide linehaul trucking services. (Ciummo Decl. ¶ 6.) FedEx Ground's records show that K Corley Trucking purchased fuel in the amounts of more than $63,000 in 2015, more than $20,000 in 2016, and more than $2,000 in 2017. (*Id.*)  Thus, the total amount of allegedly unreimbursed fuel costs at issue in this case is at least $85,000.

33.    Notably, this amount does not include damages related to Plaintiff's other causes of action (which include claims for unpaid minimum wage and overtime); nor does it account for Plaintiff's demands for liquidated damages,

DEFENDANT'S NOTICE OF REMOVAL

statutory penalties, and attorneys' fees. (Compl. ¶¶ 82-95, 105-12, Prayer for Relief ¶¶ 5-11, 14-15.) Plaintiff's alleged individual damages thus easily exceed $85,000.

34.   Accordingly, a fair reading of the allegations in Plaintiffs' complaint and the underlying facts of this case show that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## V.   CONCLUSION

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, FedEx Ground hereby removes the above-captioned action from the Superior Court of California for the County of San Bernardino the United States District Court for the Central District of California.

Dated:  March 8, 2019

O'MELVENY & MYERS LLP
SCOTT VOELZ
ALEXANDER J. LARRO
CHRISTIANNA KYRIACOU


By:     */s/ Scott Voelz*
Scott Voelz
Attorneys for Defendant
FedEx Ground Package System, Inc.