Jessica G. Scott (*pro hac vice*)
scott@wtotrial.com
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:   303.244.1800
Facsimile:   303.244.1879

Scott Voelz (SBN 181415)
svoelz@omm.com
Alexander J. Larro (SBN 287737)
alarro@omm.com
Christianna Kyriacou (SBN 313379)
ckyriacou.omm.com
O'MELVENY & MYERS
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Telephone:   213.430.6000
Facsimile:   213.430.6407

Attorneys for Defendant
FedEx Ground Package System, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| KAWASKI CORLEY, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware Corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.:  5:19-cv-00429 ODW (SHKx)<br><br>**FEDEX GROUND'S FIRST AMENDED ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Trial Date**:** _____ |

FedEx Ground Package System, Inc. ("FedEx Ground") answers the Complaint as follows:

The Complaint includes an introductory paragraph before its paragraph 1. This paragraph is not pleaded as allegations and therefore requires no response. To the extent a response is required, however, FedEx Ground denies that this action is properly a class action lawsuit. FedEx Ground denies all remaining allegations in the introductory paragraph.

## **INTRODUCTION**

1.     FedEx Ground denies the allegations in paragraph 1.

2.     FedEx Ground denies the allegations in paragraph 2.

3.     FedEx Ground denies the allegations in paragraph 3.

4.     FedEx Ground denies the allegations in paragraph 4.

5.     FedEx Ground denies the allegations in paragraph 5.

6.     FedEx Ground denies the allegations in paragraph 6.

7.     FedEx Ground denies the allegations in paragraph 7.

## **JURISDICTION AND VENUE**

8.     FedEx Ground admits that jurisdiction is appropriate in this Court. The remaining allegations in paragraph 8 contain conclusions of law to which no response is required. To the extent that a response is required, FedEx Ground denies the remaining allegations in paragraph 8.

9.     FedEx Ground admits that jurisdiction is appropriate in this Court. The remaining allegations in paragraph 9 contain conclusions of law to which no response is required. To the extent that a response is required, FedEx Ground denies the remaining allegations in paragraph 9.

10.     The allegations in paragraph 10 contain conclusions of law to which no response is required. To the extent that a response is required, FedEx Ground denies the allegations in paragraph 10.

FEDEX GROUND'S FIRST AMENDED ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

**PARTIES**

11.   As to the allegation that Plaintiff Corley is a resident of the state of California, FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of that allegation and therefore denies it. FedEx Ground denies the remaining allegations of paragraph 11.

12.   FedEx Ground denies the allegations in paragraph 12.

13.   FedEx Ground admits the allegations in the first sentence of paragraph 13. The allegations in the second sentence of paragraph 13 contain conclusions of law to which no response is required. To the extent that a response is required, FedEx Ground denies the allegations in the second sentence of paragraph 13.

14.   FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them.

15.   FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies them.

16.   FedEx Ground denies the allegations in paragraph 16.

17.   FedEx Ground denies the allegations in paragraph 17.

**CLASS ALLEGATIONS**

18.   FedEx Ground admits that Plaintiff purports to pursue this action as a class action but denies that a class action would be appropriate in this case. FedEx Ground denies the remaining allegations in paragraph 18.

19.   FedEx Ground admits that Plaintiff purports to define the class period as described in paragraph 19 but denies that the class period is appropriate. FedEx Ground denies the remaining allegations in paragraph 19.

20.   FedEx Ground denies the allegations in paragraph 20.

21.   FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies them.

22.   FedEx Ground denies the allegations in paragraph 22.

23.   FedEx Ground denies the allegations in paragraph 23.

1    24.    FedEx Ground denies the allegations in paragraph 24.

2    25.    FedEx Ground denies the allegations in paragraph 25 and all subparts.

3    26.    FedEx Ground denies the allegations in paragraph 26.

4    27.    The allegations in paragraph 27 contain Plaintiff's suppositions of the meanings of laws to which no response is required. To the extent that a response is required, FedEx Ground states that the cited statutes and regulations speak for themselves.

8    28.    FedEx Ground denies the allegations in paragraph 28.

9    29.    FedEx Ground denies the allegations in paragraph 29.

10    30.    FedEx Ground denies the allegations in paragraph 30.

11    31.    FedEx Ground denies the allegations in paragraph 31.

12    32.    FedEx Ground denies the allegations in paragraph 32.

## SUBSTANTIVE ALLEGATIONS

33.    FedEx Ground admits that it contracts with Linehaul Contracted Service Providers ("CSPs") for package trailer transportation services. FedEx Ground also admits that trailers picked up and transported by the CSPs with which it contracts contain packages that have traveled in interstate commerce. FedEx Ground denies the remaining allegations in paragraph 33.

34.    Paragraph 34 purports to directly quote from a document, without identifying the document; therefore, FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies them.

35.    FedEx Ground denies the allegations in paragraph 35.

36.    FedEx Ground denies the allegations in paragraph 36.

37.    FedEx Ground admits that the CSPs with which it contracts are independent contractors, as the agreements expressly state. FedEx Ground denies the remaining allegations in paragraph 37.

38.    FedEx Ground denies the allegations in paragraph 38 and all subparts.

FEDEX GROUND'S FIRST AMENDED ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

39.     FedEx Ground admits that it does not provide CSPs "pay stubs" that denote "the correct number of hours they worked, or broke out the total hours of compensable rest and recovery periods," because the CSPs are not its employees and there are no requirements that FedEx Ground provides such records. FedEx Ground denies the remaining allegations in paragraph 39.

40.     FedEx Ground denies the allegations in paragraph 40.

41.     The allegations in paragraph 41 contain conclusions of law to which no response is required. To the extent that a response is required, FedEx Ground denies the allegations in paragraph 41. FedEx Ground additionally specifically avers that the legal test Plaintiff references is paragraph 41 is preempted by federal law in the transportation setting.

42.     FedEx Ground denies the allegations in paragraph 42.

43.     FedEx Ground denies the allegations in paragraph 43.

44.     FedEx Ground admits that it contracts with CSPs for package trailer transportation services. FedEx Ground also admits that trailers picked up and transported by the CSPs with which it contracts contain packages that have traveled in interstate commerce. FedEx Ground denies the remaining allegations in paragraph 44.

45.     FedEx Ground denies the allegations in paragraph 45.

46.     FedEx Ground denies the allegations in paragraph 46.

47.     FedEx Ground denies the allegations in paragraph 47.

48.     FedEx Ground denies the allegations in paragraph 48.

49.     FedEx Ground denies the allegations in paragraph 49.

50.     FedEx Ground admits that it negotiates prices with its customers and that CSPs are not involved in those negotiations. FedEx Ground denies the remaining allegations in paragraph 50.

51.     FedEx Ground denies the allegations in paragraph 51.

1          52.    The allegations in paragraph 52 contain conclusions of law to which no
2    response is required. To the extent that a response is required, FedEx Ground denies
3    the allegations in paragraph 52.

4          53.    The allegations in paragraph 53 contain conclusions of law to which no
5    response is required. To the extent that a response is required, FedEx Ground denies
6    the allegations in paragraph 53.

7          54.    The allegations in paragraph 54 contain conclusions of law to which no
8    response is required. To the extent that a response is required, FedEx Ground denies
9    the allegations in paragraph 54.

10         55.    The allegations in paragraph 55 contain conclusions of law to which no
11   response is required. To the extent that a response is required, FedEx Ground denies
12   the allegations in paragraph 55.

13         56.    The allegations in paragraph 56 contain conclusions of law to which no
14   response is required. To the extent that a response is required, FedEx Ground denies
15   the allegations in paragraph 56.

16         57.    FedEx Ground is without knowledge or information sufficient to form a
17   belief as to the truth of the allegations in paragraph 57 regarding what hours Plaintiff
18   and putative Class Members allegedly worked, and therefore denies them. As to the
19   remaining allegations, FedEx Ground admits it did not pay Plaintiff and putative Class
20   Members overtime compensation as it was not required to do so. FedEx Ground
21   denies any remaining allegations in paragraph 57.

22         58.    The allegations in paragraph 58 contain conclusions of law to which no
23   response is required. To the extent that a response is required, FedEx Ground denies
24   the allegations in paragraph 58.

25         59.    The allegations in paragraph 59 contain conclusions of law to which no
26   response is required. To the extent that a response is required, FedEx Ground denies
27   the allegations in paragraph 59.

28         60.    FedEx Ground denies the allegations in paragraph 60.

61.    FedEx Ground denies the allegations in paragraph 61.

62.    FedEx Ground avers that it did nothing to prevent Plaintiff and putative Class Members from taking any sort of break or meal period and therefore denies the allegations in paragraph 62. FedEx Ground further states that, under applicable law, Plaintiff and putative Class Members were not entitled to any of the things detailed in paragraph 62.

63.    FedEx Ground avers that it did nothing to prevent Plaintiff and putative Class Members from taking any sort of break or meal period and therefore denies the allegations in paragraph 63. FedEx Ground further states that, under applicable law, Plaintiff and putative Class Members were not entitled to any of the things detailed in paragraph 63.

64.    FedEx Ground avers that it did nothing to prevent Plaintiff and putative Class Members from taking any sort of break or meal period and therefore denies the allegations in paragraph 64. FedEx Ground further states that, under applicable law, Plaintiff and putative Class Members were not entitled to any of the things detailed in paragraph 64.

65.    The allegations in paragraph 65 contain conclusions of law to which no response is required. To the extent that a response is required, FedEx Ground denies the allegations in paragraph 65.

66.    The allegations in paragraph 66 contain conclusions of law to which no response is required. To the extent that a response is required, FedEx Ground denies the allegations in paragraph 66.

67.    FedEx Ground denies the allegations in paragraph 67.

68.    FedEx Ground denies the allegations in paragraph 68.

69.    FedEx Ground avers that it did nothing to prevent Plaintiff and putative Class Members from taking any sort of break or meal period and therefore denies the allegations in paragraph 69. FedEx Ground further states that, under applicable law,

Plaintiff and putative Class Members were not entitled to any of the things detailed in paragraph 69.

70.     FedEx Ground denies the allegations in paragraph 70.

71.     FedEx Ground admits it did not do the things detailed in paragraph 71 because it was not required to do so and Plaintiff and putative Class Members were not entitled to any of those things under applicable law.

72.     The allegations in paragraph 72 contain conclusions of law to which no response is required. To the extent that a response is required, FedEx Ground denies the allegations in paragraph 72.

73.     The allegations in paragraph 73 contain conclusions of law to which no response is required. To the extent that a response is required, FedEx Ground denies the allegations in paragraph 73.

74.     FedEx Ground denies the allegations in paragraph 74.

75.     FedEx Ground denies the allegations in paragraph 75.

76.     The allegations in paragraph 76 contain conclusions of law to which no response is required. To the extent that a response is required, FedEx Ground denies the allegations in paragraph 76.

77.     FedEx Ground denies the allegations in paragraph 77.

### FIRST CAUSE OF ACTION
### FOR DECLARATORY RELIEF
### (LABOR CODE § 3357)

78.     FedEx Ground incorporates here paragraphs 1-77 above.

79.     The allegations in paragraph 79 contain conclusions of law to which no response is required. To the extent that a response is required, FedEx Ground denies the allegations in paragraph 79.

80.     FedEx Ground denies the allegations in paragraph 80.

81.     FedEx Ground admits that Plaintiff seeks the relief detailed in paragraph 81, but denies that any of that relief is appropriate or warranted. FedEx Ground denies the remaining allegations in paragraph 81.

## SECOND CAUSE OF ACTION
## FOR FAILURE TO PAY MINIMUM WAGE
## (LABOR CODE §§ 1194, 1197, AND WAGE ORDER)

82.     FedEx Ground incorporates here paragraphs 1-81 above.

83.     FedEx Ground denies the allegations in paragraph 83.

84.     FedEx Ground denies the allegations in paragraph 84.

85.     FedEx Ground denies the allegations in paragraph 85.

86.     FedEx Ground denies the allegations in paragraph 86.

87.     The allegations in paragraph 87 contain conclusions of law to which no response is required. To the extent a response is required, FedEx Ground states that the cited statute speaks for itself and denies its applicability here.

88.     The allegations in paragraph 88 contain conclusions of law to which no response is required. To the extent a response is required, FedEx Ground states that the cited statute speaks for itself and denies its applicability here.

89.     The allegations in paragraph 89 contain conclusions of law to which no response is required. To the extent a response is required, FedEx Ground states that the cited statute speaks for itself and denies its applicability here.

90.     FedEx Ground denies the allegations in paragraph 90.

91.     FedEx Ground denies the allegations in paragraph 91.

## THIRD CAUSE OF ACTION
## FOR FAILURE TO PAY OVERTIME
## (LABOR CODE §§ 510, 1194, 1198, AND WAGE ORDER)

92.     FedEx Ground incorporates here paragraphs 1-91 above.

93.     The allegations in paragraph 93 contain conclusions of law to which no response is required. To the extent that a response is required, FedEx Ground denies

the allegations in paragraph 93.

94.    FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 regarding what hours Plaintiff and putative Class Members allegedly worked, and therefore denies them. FedEx Ground denies the remaining allegations in paragraph 94.

95.    FedEx Ground denies the allegations in paragraph 95.

**FOURTH CAUSE OF ACTION**

**FOR FAILURE TO PROVIDE MEAL BREAKS**

**(LABOR CODE §§ 226.7, 512, AND WAGE ORDER)**

96.    FedEx Ground incorporates here paragraphs 1-95 above.

97.    The allegations in paragraph 97 contain conclusions of law to which no response is required. To the extent that a response is required, FedEx Ground denies the allegations in paragraph 97.

98.    FedEx Ground avers that it did nothing to prevent Plaintiff and putative Class Members from taking any sort of break or meal period and therefore denies the allegations in paragraph 98. FedEx Ground further states that, under applicable law, Plaintiff and putative Class Members were not entitled to any of the things detailed in paragraph 98.

99.    FedEx Ground denies the allegations in paragraph 99.

**FIFTH CAUSE OF ACTION**

**FOR FAILURE TO PROVIDE REST BREAKS**

**(LABOR CODE §§ 226.7, 512, AND WAGE ORDER)**

100.    FedEx Ground incorporates here paragraphs 1-99 above.

101.    The allegations in paragraph 101 contain conclusions of law to which no response is required. To the extent that a response is required, FedEx Ground denies the allegations in paragraph 101.

102.    FedEx Ground avers that it did nothing to prevent Plaintiff and putative Class Members from taking any sort of break or meal period and therefore denies the

allegations in paragraph 102. FedEx Ground further states that, under applicable law, Plaintiff and putative Class Members were not entitled to any of the things detailed in paragraph 102. FedEx Ground expressly denies that it made any specific representations to Plaintiff and the putative Class Members about rest breaks. FedEx Ground denies the remaining allegations in paragraph 102.

103.   FedEx Ground denies the allegations in paragraph 103.

104.   FedEx Ground denies the allegations in paragraph 104.

**SIXTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENSES**

**(LABOR CODE § 2802)**

105.   FedEx Ground incorporates here paragraphs 1-104 above.

106.   The allegations in paragraph 106 contain conclusions of law to which no response is required. To the extent that a response is required, FedEx Ground denies the allegations in paragraph 106.

107.   FedEx Ground denies the allegations in paragraph 107.

108.   FedEx Ground denies the allegations in paragraph 108.

**SEVENTH CAUSE OF ACTION**

**FOR IMPROPER DEDUCTIONS FROM WAGES**

**(LABOR CODE § 226; WAGE ORDER)**

109.   FedEx Ground incorporates here paragraphs 1-108 above.

110.   The allegations in the first sentence of paragraph 110 contain conclusions of law to which no response is required. To the extent that a response is required, FedEx Ground denies the allegations in the first sentence of paragraph 110. FedEx Ground denies the remaining allegations in paragraph 110.

111.   The allegations in the first sentence of paragraph 111 contain conclusions of law to which no response is required. To the extent that a response is required, FedEx Ground denies the allegations in the first sentence of paragraph 111. FedEx Ground denies the remaining allegations in paragraph 111.

FEDEX GROUND'S FIRST AMENDED ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

1    112.   FedEx Ground denies the allegations in paragraph 112.

2    **EIGHTH CAUSE OF ACTION**

3    **FOR INADEQUATE AND/OR FAILURE TO PROVIDE**

4    **ITEMIZED WAGE STATEMENTS**

5    **(LABOR CODE § 226 AND 226.2)**

6    113.   FedEx Ground incorporates here paragraphs 1-112 above.

7    114.   The allegations in paragraph 114 contain conclusions of law to which no

8    response is required. To the extent that a response is required, FedEx Ground denies

9    the allegations in paragraph 114.

10   115.   FedEx Ground denies the allegations in paragraph 115.

11   116.   FedEx Ground denies the allegations in paragraph 116.

12   117.   FedEx Ground denies the allegations in paragraph 117.

13   **NINTH CAUSE OF ACTION**

14   **FOR UNFAIR COMPETITION**

15   **(BUS. & PROF. CODE §§ 17200, *ET SEQ.*)**

16   118.   FedEx Ground incorporates here paragraphs 1-117 above.

17   119.   FedEx Ground denies the allegations in paragraph 119.

18   120.   FedEx Ground denies the allegations in paragraph 120.

19   121.   FedEx Ground denies the allegations in paragraph 121.

20   122.   FedEx Ground admits that Plaintiff seeks the relief detailed in paragraph

21   122, but denies that any of that relief is appropriate or warranted. FedEx Ground

22   denies the remaining allegations in paragraph 122.

23   123.   FedEx Ground denies the allegations in paragraph 123.

24   124.   FedEx Ground denies the allegations in paragraph 124.

25   **TENTH CAUSE OF ACTION**

26   **FOR UNJUST ENRICHMENT**

27   125.   FedEx Ground incorporates here paragraphs 1-124 above.

28   126.   FedEx Ground denies the allegations in paragraph 126.

127. FedEx Ground denies the allegations in paragraph 127.

128. FedEx Ground denies the allegations in paragraph 128.

## PRAYER FOR RELIEF

FedEx Ground denies that Plaintiff is entitled to any of the relief sought in the "PRAYER FOR RELIEF" section and subparagraphs in that section.

FedEx Ground respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice, that the Court find that Plaintiff is not entitled to any judgment or relief, that the Court enter judgment for FedEx Ground, and that the Court award FedEx Ground its costs and attorneys' fees incurred in defending this action, and such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

FedEx Ground demands a jury trial on all claims so triable.

## DEFENSES

Standing fully on its right to plead defenses in the alternative, FedEx Ground asserts the following additional or affirmative defenses and reserves the right to amend this answer to assert other and further additional or affirmative defenses when and if, in the course of discovery and preparation for trial, it becomes appropriate. By designating these matters as "defenses," FedEx Ground does not suggest either that Plaintiff does not bear the burden of pleading, production, or proof as to such matters or that such matters are not elements that Plaintiff must establish to make a prima facie case on one or more of his claims against FedEx Ground. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiff's allegations.

As additional defenses, FedEx Ground alleges as follows:

1. Plaintiff's claims, or some of them, may not be litigated in court because some or all of said claims are subject to individual mandatory, final, and binding arbitration.

2.     Plaintiff's Complaint fails to state a claim on which relief can be granted.

3.     Plaintiff's claims, or some of them, are barred in whole or in part by the doctrine of the statute of frauds.

4.     Plaintiff's claims, or some of them, are barred in whole or in part by the applicable statutes of limitations, including, without limitation, the statutes of limitations for claims under the California Business and Professions Code and the limitations periods prescribed in Sections 338 and 340 of the California Code of Civil Procedure.

5.     Plaintiff's claims, or some of them, are barred in whole or in part, or waived, by the time limitation Plaintiff agreed to in his business's contract with FedEx Ground.

6.     Plaintiff's claims, or some of them, are subject to the primary jurisdiction of the U.S. Department of Labor, the U.S. Department of Transportation, and the California Labor Commissioner.

7.     Plaintiff's claims are preempted, either in whole or in part, by federal law and the federal regulation of interstate commerce in general and the transportation industry in particular, including, without limitation, the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. § 14501(c), 49 U.S.C. § 31141, and the Truth-in-Leasing regulations, 49 C.F.R. §§ 376.1 et seq.

8.     Plaintiff's claims, or some of them, are barred in whole or in part by the doctrines of res judicata and collateral estoppel.

9.     Plaintiff's claims, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and payment.

10.    Plaintiff's claims, or some of them, are barred in whole or in part because Plaintiff, through his business entity and on which he bases all of his claims, entered into an express contract with FedEx Ground.

11.    Plaintiff's class claims, or some of them, are barred in whole or in part, or waived, by the class action bar Plaintiff agreed to in his business's contract with

FedEx Ground.

12.    Plaintiff's claims, or some of them, are barred in whole or in part by the doctrines of novation and termination in that his claims are barred in whole or in part by the express terms of the agreements between FedEx Ground and Plaintiff's business.

13.    Plaintiff's claims, or some of them, are barred in whole or in part because Plaintiff breached any contract that did exist between his business entity and FedEx Ground.

14.    Plaintiff's claims, or some of them, are barred in whole or in part because Plaintiff failed, jointly or severally, to satisfy a condition precedent.

15.    Plaintiff's claims, or some of them, are barred in whole or in part by the merger agreement contained in any and all contracts at issue in this action.

16.    Plaintiff's claims, or some of them, cannot and should not be maintained on a class action basis because those claims fail to meet the necessary requirements for certification and certification would violate the parties' contractual rights, and because of the presence of a class action waiver in the contract.

17.    Plaintiff's claims, or some of them, are barred in whole or in part because such claims have been waived, discharged, released, and abandoned.

18.    Plaintiff's claims, or some of them, are barred in whole or in part based on a lack of standing because he was not a signatory in his individual capacity to any agreement with FedEx Ground or because he assigned his interest in any agreement with FedEx Ground.

19.    Plaintiff's claims, or some of them, are barred in whole or in part because Plaintiff is estopped by his own conduct to claim any right to damages or other monetary relief from FedEx Ground.

20.    Plaintiff's claims, or some of them, are barred in whole or in part by Plaintiff's unclean hands and inequitable or wrongful conduct.

21.     Plaintiff's claims, or some of them, are barred in whole or in part by the doctrine of laches.

22.     Plaintiff's claim for declaratory relief is barred in whole or in part because he failed to satisfy the declaratory relief requirements as set forth in California Civil Procedure Code § 1060.

23.     Plaintiff's claim for declaratory relief is barred in whole or in part because neither a declaration nor a determination is necessary or proper at this time under all circumstances. Code Civ. Proc. § 1061; *see also C.J.L. Constr., Inc. v. Universal Plumbing* (1993) 18 Cal.App.4th 376, 390.

24.     FedEx Ground did not exercise control over Plaintiff's wages, hours, or working conditions, and thus, was not an employer of Plaintiff.

25.     The damages, if any, of Plaintiff and putative Class Members were proximately caused by persons or entities other than FedEx Ground, including the business entities that were the CSPs.

26.     Plaintiff's claims, or some of them, are barred in whole or in part to the extent they are attempting to allege fraud against FedEx Ground, because to the extent alleged misrepresentations were made by FedEx Ground, which FedEx Ground specifically denies, Plaintiff did not reasonably rely on the alleged misrepresentations as a matter of law.

27.     Even if Plaintiff was an employee within the meaning of applicable law, which FedEx Ground specifically denies, Plaintiff's claims, or some of them, including, without limitation, the claims set forth in the first cause of action in the Complaint, are barred in whole or in part because Plaintiff was at all relevant times exempt from the overtime pay requirements of California law.

28.     Even if Plaintiff was an employee of FedEx Ground within the meaning of applicable law, which FedEx Ground specifically denies, the claims set forth in the Complaint, or some of them, are barred in whole or in part because Plaintiff was free to take meal and rest breaks.

29.    Plaintiff's claims, or some of them, are barred in whole or in part because Plaintiff waived his rights to meal and rest breaks.

30.    Even if Plaintiff was an employee of FedEx Ground within the meaning of applicable law, which FedEx Ground specifically denies, Plaintiff's claims, or some of them, are barred in whole or in part on the ground that Plaintiff, through his business entity and in the contract on which he bases his claims, voluntarily authorized the deductions in writing before accrual of the debts in issue or authorization was not required by state law under the facts alleged.

31.    To the extent Plaintiff seeks penalties, punitive damages, exemplary damages, or other non-restitutionary awards, he fails to state facts sufficient to support such claims, and such claims are precluded by statute and violate the Due Process rights of FedEx Ground.

32.    Plaintiff's claims under California Business & Professions Code §§ 17200 et seq. is barred in whole or in part because FedEx Ground's alleged practices are not "unfair" or "unlawful," the public was not and would not likely have been deceived by any such alleged practices, FedEx Ground would have gained no competitive advantage by engaging in such alleged practices, and the benefits of the alleged practices outweighed any harm or other impact they might have caused.

33.    Any finding of liability pursuant to the California Business & Professions Code §§ 17200 et seq. would violate the Due Process Clauses of the United States and California Constitutions because, inter alia, the standard of liability under the statute is unduly vague and subjective and permits retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

34.    Any award pursuant to California Business & Professions Code §§ 17200 et seq. would violate the Excessive Fines and Due Process Clauses of the United States and California Constitutions.

35.    Even if Plaintiff was an employee of FedEx Ground within the meaning of applicable law, which FedEx Ground specifically denies, and even if Plaintiff is

entitled to relief under applicable law, which FedEx Ground specifically denies, Plaintiff's claims, or some of them, are barred in whole or in part on the ground that FedEx Ground acted in good faith, with a good faith and reasonable belief that FedEx Ground had complied fully with applicable law, with a bona fide dispute as to the obligation of payment, and in conformity with, and in reliance on, written administrative regulations, orders, rulings, guidelines, approvals, and interpretations of federal and state agencies. Furthermore, even if a violation of applicable law occurred, which FedEx Ground specifically denies, FedEx Ground's conduct was not willful.

36.   Plaintiff's claims for equitable relief, or some of them, are precluded.

37.   Injunctive relief is barred because Plaintiff has an adequate remedy at law and other requirements for granting injunctive relief cannot be satisfied.

38.   Plaintiff's causes of action, and each of them, fail to state facts sufficient to constitute a claim for punitive damages.

39.   Even if Plaintiff has suffered any economic damages as a result of FedEx Ground's actions, which FedEx Ground specifically denies, Plaintiff had a duty to mitigate damages and, upon information and belief, failed to do so.

40.   Even if Plaintiff was an employee of FedEx Ground within the meaning of applicable law, which FedEx Ground specifically denies, Plaintiff was compensated beyond that to which he was entitled; therefore, the additional compensation satisfies, in whole or in part, any alleged claim for unpaid alleged wages and other monetary relief.

41.   Plaintiff's cause of action for unjust enrichment is barred in whole or in part for failure to offer to return the consideration received under the agreements to which he alleges he was a party.

42.   If any damages have been sustained by Plaintiff, although such is not admitted hereby or herein and is specifically denied, FedEx Ground is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiff

1    owed to FedEx Ground against any judgment that may be entered against FedEx

2    Ground.

3         43.    Plaintiff is not entitled to have equitable issues or matters of law tried to a

4    jury, and Plaintiff's demand for a jury trial should be so limited.

5

6    Dated:  June 4, 2019                              WHEELER TRIGG O'DONNELL LLP

7

8                                          By: */s/ Jessica G. Scott*
                                               Jessica G. Scott
9
                                               O'MELVENY & MYERS LLP
10                                             Scott Voelz
                                               Alexander J. Larro
11                                             Christianna Kyriacou

12
                                               Attorneys for Defendant,
13                                             FedEx Ground Package System, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on June 4, 2019, I electronically filed the foregoing

**FEDEX GROUND'S FIRST AMENDED ANSWER TO PLAINTIFF'S CLASS**

**ACTION COMPLAINT** with the Clerk of Court using the CM/ECF system which

will send notification of such filing to all counsel of record.

Stanley D. Saltzman
Adam M. Tamburelli
Cody R. Kennedy
Marlin & Saltzman, LLP
29800 Agoura Road, Suite 210
Agoura Hills, CA 91301
Telephone:   818.991.8080
Facsimile:    818.991.8081
Email:   ssaltzman@marlinsaltzman.com
            atamburelli@marlinsaltzman.com
            ckennedy@marlinsaltsman.com

*Attorneys for Plaintiffs Kawaski Corley,*
*individually, and on behalf of all others*
*similarly situated and aggrieved*

*/s/ Faith Umaguing* _____