**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq. (SBN 90058)
Adam M. Tamburelli, Esq. (SBN 301902)
Cody R. Kennedy, Esq. (SBN 296061)
29800 Agoura Road, Suite 210
Agoura Hills, California   91301
Telephone:     (818) 991-8080
Facsimile:      (818) 991-8081
ssaltzman@marlinsaltzman.com
atamburelli@marlinsaltzman.com
ckennedy@marlinsaltzman.com

*Attorneys for Plaintiffs Kawaski Corley, individually and on behalf of all others similarly situated and aggrieved*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KAWASKI CORLEY**, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM INC., A DELAWARE CORPORATION; and **DOES 1 to 100**, inclusive,<br><br>          Defendants. | Case No. 5:19-cv-00429-ODW (SHKx)<br><br>**<u>FIRST AMENDED CLASS ACTION COMPLAINT FOR:</u>**<br><br>1. **DECLARATORY RELIEF (Code Civ. Proc., § 1060)**<br>2. **FAILURE TO PAY MINIMUM WAGES (Labor Code §§ 1194, 1197);**<br>3. **FAILURE TO PROVIDE MEAL BREAKS (Labor Code §§ 226.7, 512, And Wage Order);**<br>4. **FAILURE TO PROVIDE REST BREAKS (Labor Code §§ 226.7, 512, And Wage Order);**<br>5. **FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENSES (Labor Code § 2802);**<br>6. **FAILURE TO PROVIDE ADEQUATE WAGE STATEMENTS (Labor Code §§ 226, 226.2 226.3);**<br>7. **UNLAWFUL DEDUCTIONS FROM WAGES (Wage Order);**<br>8. **UNFAIR COMPETITION (Bus. & Prof. Code § 17200 *et seq.*);**<br>9. **QUANTUM MERIT/UNJUST ENRICHMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff KAWASKI CORLEY ("Plaintiff"), on behalf of himself, individually, and all others similarly situated and aggrieved, bring this Complaint against Defendant FEDEX

GROUND PACKAGE SYSTEM INC. ("FEDEX"), and DOES 1 to 100, inclusive (collectively, "Defendants"), and for causes of action against them, allege and complain as follows:

## INTRODUCTION

1.      In a scheme to increase their profits by unlawfully evading their obligations to provide benefits, pay relevant taxes, and absorb various operating costs, FEDEX has misclassified Plaintiffs and other similarly situated and aggrieved linehaul truck drivers who signed Linehaul Contractor Operating Agreements ("Class Members") as independent contractors rather than employees. By this action, Plaintiffs seek to put an end to this illegal and oppressive conduct.

2.      Plaintiffs and Class Members, are plainly employees under California law. FEDEX nearly completely controls the overall operation of its business: it coordinates with customers in need of trucking services, negotiates prices, sets delivery times, and provides the workers. FEDEX also retains control over Class Members' assignments, schedules, customer service standards, equipment, electronic logging devices, and trucks.

3.      Plaintiffs and Class Members, as a condition precedent to employment, are required to abide by uniform rules and policies promulgated by FEDEX subjecting them to strict control, and incorrectly classifying them as independent contractors.

4.      As a result of FEDEX's misclassification, Plaintiffs and Class Members are forced to absorb thousands of dollars of costs appropriately borne by their employer, leaving many in a financially precarious position with limited take home pay. They are also deprived of the protection of workers' compensation benefits in the event of injury, as well as other benefits to which they are entitled. Moreover, because of its misclassification, FEDEX fails to properly pay California taxes it owes. These actions illegally reduce FEDEX's costs of doing business, and constitute unlawful and unfair business practices in violation of California's Unfair Competition Law.

5.      Additionally, by willfully and intentionally misclassifying Plaintiffs and Class Members as independent contractors, FEDEX failed to pay them minimum wages, failed to provide mandatory meal and rest breaks, failed to maintain adequate records, failed to reimburse employees for reasonably incurred businesses expenses, made improper deductions from wages, and failed to provide accurate wage statements.

6.      As such, FEDEX's policies, practices, and customs have resulted in violations of the California Labor Code, IWC Wage Order No. 9, and laws covered by the Private Attorneys General Act ("PAGA"), and constitute unlawful and/or unfair business practices, in violation of the California Business & Professional Code, which have resulted in damages to Plaintiffs and Class Members.

7.      Further, Plaintiffs and the Class Members rendered services to Defendants from which Defendants derived benefit. Defendants, however, failed to compensate Plaintiffs and the putative class members for the reasonable value of such services. Thus, FEDEX was unjustly enriched.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the statutory violations alleged herein, including, but not limited to, violations of Labor Code §§ 200-203, 226, 226.2, 226.3, 226.7, 226.8, 510, 512, 1174, 1194, 1197, 1198, and 2802, as well as over the violations of Bus. & Prof. Code §§ 17200 *et seq.*, and the governing California IWC Wage Order No. 9 and other California Regulations.

9.      The Court has jurisdiction over the quasi-contract/unjust enrichment claim in that the services were rendered in the State of California, by California residents.

10.      Venue is proper in this county under section 395.5 of the California Code of Civil Procedure, as Plaintiffs were assigned to a FEDEX terminal, which is located in the State of California, County of San Bernardino.

## PARTIES

11.      Plaintiff KAWASKI CORLEY, is a resident of the State of California, and has been employed by Defendants from on or about November 2005, to August 2017.

12.      Plaintiff has been victimized by the policies, practices, and customs of Defendants, which are complained of in this action, in ways that have deprived him of the rights guaranteed to him by IWC Wage Order No. 9, the Labor Code, and the Bus. & Prof. Code.

13.      Defendant FEDEX is a Delaware corporation doing business within the State of California. Defendant has at all relevant times been an employer covered by the Labor Code and IWC Wage Order 9.

14.     Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOE defendants, and for that reason, said defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes, and based thereon alleges, that each of the said fictitious defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and putative class to be subject to the illegal employment practices, wrongs, breaches, and injuries complained of herein.

15.     At all times pertinent hereto, each of the said DOE defendants participated in the doing of acts hereinafter alleged to have been done by the named Defendant ("Named Defendants and Doe Defendants are collectively referred to as "Defendants"); and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

16.     Plaintiff is informed and believes, and based thereon alleges, that at all times pertinent hereto, each of the Defendants named herein was the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent the said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

17.     At all times pertinent hereto, the acts and omissions of various Defendants, and each of them, concurred with and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages, as herein alleged. At all pertinent times, Defendants, and each of them, ratified each and every act or omission complained of herein. At all pertinent times, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.

FIRST AMENDED CLASS ACTION COMPLAINT

## CLASS ALLEGATIONS

18.     Pursuant to Code of Civil Procedure section 382, Plaintiff brings this action on behalf of themselves and the following class:

> All persons who at any time during the Class Period: (1) performed work for Defendants as linehaul truck drivers in the State California pursuant to a Linehaul Contractor Operating Agreement; and (2) were not designated by Defendant as its employees.

19.     **Class Period:** The Class Period is defined as commencing at a date that is four years prior to the date of the filing of the initial complaint in this action and continuing from that point forward, until the date that a final judgment has been entered in this matter.

20.     **Numerosity:** The members of the class are so numerous that joinder of all members would be impractical, if not impossible. The identities of the members of the class are readily ascertainable by review of Defendants' records, including, without limitation, payroll records, work orders, work assignments, and other documents, vouchers and receipts issued to the Class Members by Defendants.

21.     **Adequacy of Representation:** Plaintiff is fully prepared to take all necessary steps to represent, fairly and adequately, the interests of the above-defined class. Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the class and the individual Plaintiff. Plaintiff's attorneys have prosecuted, tried, and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in the California state and federal courts, as well as elsewhere in the United States.

22.     Defendants uniformly administered a company-wide policy and practice of misclassifying Plaintiff and the putative Class Members as "independent contractors" and (a) not paying Plaintiff and the class all wages, including minimum wages earned, (b) failing to provide mandatory meal and rest breaks and/or failing to pay premium wages for missed meal and/or rest periods, (c) failing to keep proper records as required by the Labor Code and applicable Wage Order regulations, (d) requiring Plaintiff and the class members to incur and pay for Defendants' necessary business expenses, without reimbursement therefor, (e) making unlawful deductions from Plaintiff and class members' wages, (f) failing to provide accurate wage statements, (g)

failing to compensate Plaintiff for the reasonable value of their services provided, (h) engaging in unfair business practices, and (i) violating wage and hour laws that carry civil penalties.

23.     Plaintiff is informed and believe, and based thereon allege, that this enterprise-wide conduct was and is accomplished with Defendants' advance knowledge of the misclassification, and arises out of Defendants' designed intent to willfully and intentionally fail to accurately record proper rates of pay, hours worked, net wages, and deductions.

24.     Plaintiff is informed and believe and based thereon allege, that Defendants had a consistent and uniform policy, practice, and/or procedure of willfully failing to comply with Labor Code §§ Code §§ 200-203, 226, 226.2, 226.3, 226.7, 226.8, 510, 512, 1174, 1194, 1197, 1198, 2802, as well as other violations that constitute unfair and/or unlawful conduct under Bus. & Prof. Code §§ 17200 et seq., and the governing Wage Order regulations.

25.     **Common Questions of Law and Fact:** There are predominant common questions of law and fact and community of interest amongst Plaintiff and the claims of the class, concerning Defendants' treatment of them, including but not limited to:

a.     Whether Class Members were improperly classified as independent contractors instead of employees

b.     Whether Defendants failed to pay for all time worked, by virtue of its payment system that only paid piece rate for certain specified activities performed, while paying nothing for time worked on other required duties;

c.     Whether the Class Members performed services for Defendants;

d.     Whether Defendants' engaged Class Members to do work;

e.     Whether Defendants' suffered or permitted the Class Members to do work;

f.     Whether Class Members were free from the control and direction of Defendants in connection with their work;

g.     Whether Class Members' work is outside the usual course of the hiring entity's business;

h.     Whether Class Members are engaged in an independently established trade, occupation, or business of the same nature as that involved in the work they

perform;

i.     Whether Defendants retained all necessary control over their business operations;

j.     Whether the compensation paid to Class Members, based on hours worked, was less than the applicable minimum wage;

k.     Whether the Class Members were entitled to mandatory meal and rest breaks, and if so, whether they were made available or provided, and whether premium wages should have been paid when meal and/or rest periods were missed;

l.     Whether Class Members ever received a paid rest period;

m.     Whether Defendants kept adequate employment records;

n.     Whether the Class Members were improperly required to incur Defendants' necessary business expenses without reimbursement therefor;

o.     Whether Defendants made illegal deductions from the Class Members' earnings;

p.     Whether Defendants provided accurate and itemized wage statements;

q.     Whether the Defendants' policies and practices, as described herein, were unlawful and/or unfair business practices; and

r.     Whether the Defendants were unjustly enriched by failing to pay a reasonable value to Plaintiff and putative Class Members for their services.

26.     **Typicality:** The claims of the Plaintiff are typical of the claims of all members of the class. Plaintiff has suffered and incurred damages as a result of the alleged violations of the applicable Wage Order, the Labor Code and the Bus. & Prof. Code and the failure to be reasonably compensated for his services, herein alleged.

27.     The Labor Code and Wage Order upon which Plaintiff bases his claims are remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards. These laws and labor standards protect the average worker from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. Such statutes and regulations are designed to defeat rather than implement express or implied agreements that depart from the statutory scheme, in the employment contract.

28.     The nature of this action and the format of laws available to Plaintiff and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein and, therefore, is the superior means of redress of Defendants' alleged wrongdoings. If each Plaintiff and member of the putative class were required to file an individual lawsuit, the Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by workers who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employments. The filing of individual lawsuits would also create an unnecessary strain on existing judicial resources and raise the potential for inconsistent findings and verdicts among the various litigations.

29.     The prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class Members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications or which would substantially impair or impede the ability of the Class Members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

30.     Such a pattern, practice, and uniform administration of enterprise-wide policies and practices regarding illegal and improper compensation, as described herein, creates an entitlement to recovery by the Plaintiff and the Class Members identified herein, in a civil action, for the unpaid balance of the full amount of unpaid and/or withheld compensation, including interest thereon, applicable penalties and premium pay, reasonable attorneys' fees, and costs of suit according to the mandates of, *inter alia*, Labor Code §§ 226, 1194, and Code of Civil Procedure § 1021.5.

31.     Proof of common business practices and/or factual patterns, which the named

Plaintiff experienced and are representative of, will establish the right of each of the members of the proposed class to recover on the causes of action alleged herein.

32.     The putative class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. The class is commonly entitled to restitution of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## SUBSTANTIVE ALLEGATIONS

**Working for FEDEX**

33.     FEDEX linehaul truck drivers perform an integral and essential aspect of its business: the delivery of cargo. In its Linehaul Agreements FEDEX advertises that FedEx Ground Package System, Inc. is a duly licensed motor carrier engaged in providing small package information, transportation, and delivery service throughout the United States.

34.     Further, FEDEX advertises that it "wants to provide for package pick-up and delivery services through a network of nationwide stations."

35.     In short, the delivery of cargo is FEDEX's principal business operation. Without its truck drivers, FEDEX could not carry on its business.

36.     Plaintiff and Class Members are hired by FEDEX as linehaul truck drivers. They provide transportation services at one or more of FEDEX's locations and cannot transport loads for other companies while in the process of transporting goods for FEDEX.

37.      FEDEX, as a matter of policy and procedure, designates Plaintiff and Class Members as independent contractors.

Despite labelling these drivers as independent contractors, FEDEX retains substantial control over the manner and means of work performed by Plaintiff and the Class and the equipment used by Plaintiff and the Class. FEDEX retains substantial control over its linehaul drivers by, among other things:

- Exerting control over their tractor color, decals required and where those decals need to be placed.
- Retaining the right to require mandatory training for linehaul drivers and overseeing the performance of said drivers.
- Retaining the right to demand access to linehaul driver records.

- Requiring that linehaul drivers use FEDEX's application system, exams, and selection process when hiring helpers or other staff.
- Retaining the right to suspend or disqualify linehaul drivers' helpers/staff.
- Retaining control over who can/cannot be present in a linehaul driver's truck while services are being performed.
- Requiring use of only services and companies approved by FEDEX (such as qualified driving schools)
- Requiring the usage of specific equipment from specific vendors (i.e. electronic tracking devices)
- Requiring the use of assigned parking spaces and retaining control of where linehaul drivers may park their vehicles on company premises.
- Retaining the right to oversee all legal compliance.
- Providing regular announcements as to how drivers are to conduct their work, at threat of discipline.
- Retaining to right to oversee maintenance and inspection schedules.
- Retaining general control over linehaul drivers through route declines and deducted "points".

38.     Plaintiff and the Class were paid on a piece rate basis that allowed for only payment for the performance of specified tasks/duties. They were not compensated for any other work that they regularly performed and were required to work in excess of 10 hours a day. They were not provided meal breaks or rest periods by Defendants. They did not receive pay stubs that, among other issues, the correct number of hours that they worked, or broke out the total hours of compensable rest and recovery periods.

**FEDEX's Misclassification of Plaintiff and Class Members**

39.     Under the applicable statutes and Wage Order regulations, FEDEX is the "employer" of Plaintiff and Class Members because the FEDEX has engaged them to do something of benefit for it or a third-party (Labor Code § 2750), and because it exercises pervasive control over the drivers and retains all necessary control over their business enterprise. Further, FEDEX exercised control over the wages, hours, and/or working conditions of the drivers, so as to render all class members employees.

40.     Additionally, under the applicable IWC Wage Order, a worker in California cannot be an independent contractor unless the hirer can prove: (A) that the worker is free from the control and direction of the hirer in connection with the performance of the work, both under the contract for the performance of such work and in fact; **and,** (B) that the worker performs work that is outside the usual course of the hiring entity's business; **and** (C) that the worker is customarily

engaged in an independently established trade, occupation, or business of the same nature as the work performed for the hiring entity.

41.     As discussed in the following paragraphs, FEDEX cannot prove that it meets any of the above requirements, so FEDEX misclassifies Plaintiff and Class Members as independent contractors instead of employees.

42.     First, FEDEX retains and exercises significant control over the details of Plaintiff's and Class Members' schedules, routes, deliveries, the manner and means of how the delivery work is performed, and all necessary aspects of their working conditions. Among other things, FEDEX holds Plaintiff and Class Members to strict standards of service pervasive throughout the entire delivery process and requires them to adhere to all "customer requirements" and to meet "customer service" standards regarding FEDEX customers.

43.     Second, the service provided by Plaintiff and Class Members—truck driving—is not an independently established trade such as a plumber or electrician. Rather, they are integral and central to the operation of FEDEX's core business. FEDEX provides transportation services. Plaintiff and Class Members perform these services for FEDEX: they are hired to transport and deliver cargo in California based on times, locations, and for fees determined by FEDEX. Indeed, FEDEX employs company drivers, who perform substantially the same duties as Plaintiff and Class Members.

44.     Third, FEDEX prevents Plaintiff and Class Members from engaging in an independently established trade, occupation, or business by refusing to allow them to use their trucks for any purposes other than FEDEX's business while in the act of transporting for FEDEX. Thus, Plaintiff and the Class may not establish their own client-base and transport goods along their own independently established routes (not created by FEDEX) which would serve multiple clients at the same time.

45.     FEDEX dictates the manner in which Plaintiff and Class Members perform their work. For example, it requires Plaintiff and Class Members to transport the freight tendered to it by FEDEX from point of origin to point of destination within deadlines established between FEDEX and FEDEX's client. It also requires Plaintiff and Class Members to make every

reasonable effort to perform freight transportation services hereunder in a prompt, competent and diligent manner consistent with FEDEX's standards of customer service and satisfaction, to conduct all business in a professional manner with proper decorum at all times, and to cooperate with FEDEX employees, customers, and other linehaul drivers. Further, Plaintiff and the Class Members are required to adhere to customer service expectations that must be met in servicing FEDEX's transportation needs.

46.     Plaintiff and Class Members are required to purchase on-board computer approved by FEDEX for dispatch and tracking purposes. That on-board computer tracks every movement on Plaintiff's and Class Members' trucks.

47.     Plaintiff and Class Members are uniformly required to pay many employment-related expenses including, fuel, oil, tires and equipment, vehicle maintenance costs and repairs, various taxes and assessments, and expenses necessary to keep their trucks in compliance with all federal and state safety laws and regulations..

48.     Defendant further retains the right to set schedules for Plaintiff and Class Members at its convenience upon threat of discipline.

49.     Additionally, FEDEX unilaterally set the prices charged to its customers, and Plaintiff and Class Members have no control over those prices.

50.      Despite the above, FEDEX knowingly and intentionally misclassifies Plaintiff and Class Members as independent contractors when, under California law, they are employees who are working within FEDEX's business, providing the service that FEDEX exists to provide to its customers.

**FEDEX's Failure to Provide Meal Periods**

51.     At all times relevant hereto, California Labor Code sections 226.7 and 512 and IWC Wage Order 9, section 11, required employers to provide employees with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours and a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day.

52.     At all times relevant hereto, California Labor Code section 226.7(b) and IWC Wage

Order 9, section 11, required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper meal period is not provided.

53.     FEDEX did not have, maintain, or publish a compliant meal period policy.

54.     Further, by improperly classifying Plaintiff and Class Members as independent contractors, FEDEX affirmatively represented to Plaintiff and the Class that they had no rights to receive the meal periods that were legally required to be provided by FEDEX.

55.     FEDEX failed to provide breaks, keep records of break times and did not inform Plaintiff and Class Members of their rights to a thirty (30) minute, uninterrupted, duty-free meal break under California law.

56.     FEDEX regularly failed to provide a timely thirty (30) minute off-duty meal period to delivery workers when working more than five (5) hours in a day.

57.     FEDEX further regularly failed to provide a second timely thirty (30) minute meal period to delivery workers who worked more than ten (10) hours in a day.

**FEDEX Failure to Permit and Compensate for Rest Periods**

58.     At all times relevant hereto, California Labor Code section 226.7 and IWC Wage Order, 9, section 12, required employers to authorize, permit, and provide a ten (10) minute paid rest period for each four (4) hours of work, during which employees are relieved of all duty. Such breaks are paid and counted as hours worked.

59.     At all times relevant hereto, California Labor Code section 226.7(b) and IWC Wage Order, 9, section 12, required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

60.     FEDEX did not have, maintain, or publish a compliant rest period policy.

61.     Further, by improperly classifying Plaintiff and the Class as independent contractors, FEDEX affirmatively represented to Plaintiff and the Class that they had no rights to receive the rest periods that were legally required to be provided by FEDEX.

62.     FEDEX regularly failed to provide a ten (10) minute paid rest period for each four (4) hours of work, during which the delivery workers should have been relieved of all duty.

63.     As a result of FEDEX's compensation scheme, FEDEX failed to compensate their

FIRST AMENDED CLASS ACTION COMPLAINT

delivery workers for break times when breaks were not provided. Defendants' compensation scheme did not permit paid rest breaks as mandated by California law.

64.     FEDEX regularly failed to pay one hour of additional pay at the regular rate of compensation for each delivery worker each workday that a proper rest period was not provided.

**FEDEX's Failure to Indemnify Delivery Workers for Its Business Expenses**

65.     At all times relevant hereto, California Labor Code section 2802 required employers to indemnify their employees for "all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer…"

66.     IWC Wage Order 9, section 9, requires employers to maintain tools and equipment required by the employer or that are necessary to the performance of the job.

67.     FEDEX has failed to reimburse Plaintiff and Class Members for all business-related expenses and costs delivery workers incurred including, but not limited to, fuel, maintenance, repairs, uniform costs and expenses, scanner fees, cell phone fees, GPS service fees, and liability and other insurance covering work place injuries or property damage.

68.     FEDEX also takes deductions from Plaintiff's and Class Members' paychecks for work-related expenditures in direct consequence of their job duties.

**FEDEX's Unlawful Deductions from Delivery Workers' Wages**

69.     At all times relevant hereto, IWC Wage Order 9, section 8, required that no employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee.

70.     Wage statements provided by FEDEX include deductions from Plaintiff's and Class Members' paychecks for work-related expenditures they incurred in direct consequence of their job duties, in violation of the IWC Wage Order number 9, section 8.

/ / /

/ / /

/ / /

14

**FIRST CAUSE OF ACTION**

**FOR DECLARATORY RELIEF**

**(Labor Code § 3357)**

71.     Plaintiff re-allege and incorporate by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

72.     Pursuant to California Labor Code section 3357, Plaintiff and Class Members are entitled to a presumption that they are in fact Defendants' employees. The same holds true under the applicable wage order. *Dynamex Operations West, Inc. v. Superior Court*, 2018 WL 1999120 (2018).

73.     An actual controversy has arisen between Plaintiff and the Class Members, on one hand, and Defendants on the other, as to whether Defendants misclassified Plaintiff and Class Members as "independent contractors" when, in fact, Plaintiff and Class Members were and are Defendants' employees.

74.     Plaintiff and the Class Members seek declaratory relief against Defendants herein and in Plaintiff's' favor, declaring that they were and are Defendants' employees and, further, declares Defendants' practices to be unlawful, and which provides for recovery of all sums determined by this Court to be owed by Defendants, and each of them, to Plaintiff and the Class Members.

**SECOND CAUSE OF ACTION**

**FOR FAILURE TO PAY MINIMUM WAGE**

**(Labor Code §§ 1194, 1197, and Wage Order)**

75.     Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

76.     Notwithstanding the unconscionable piece-rate policies and procedures that Defendants require the linehaul drivers to agree to as a condition of employment, Plaintiff and Class Members are Defendants' employees, as heretofore alleged, because, *inter alia*, Defendants engage, suffer, or permit the linehaul drivers to work for them, yet retain all necessary control over their business and exercise significant control over the wages, hours of work, and working

conditions of the Plaintiff and class members.

77.     Defendants provide the quintessential "tools" for Plaintiff and Class Members, including without limitation the cargo to be transported and the terminals in which the cargo is loaded and unloaded, among others. Defendants control the rates paid, the loads assigned, the number of loads, the timing of the loads and the hours worked. Defendants demand strict compliance with Defendants' customer service and service and compliance standards when transporting cargo, and, as alleged herein, assume full control over Plaintiff's' and Class Members' vehicles.

78.     When Plaintiff's' and Class Members' working hours are divided into the amount of compensation paid by Defendants, the result is an hourly rate that is less than that set by the IWC Minimum Wage Order. This result is further exacerbated when the unlawful deductions and unreimbursed business expenses are deducted from the gross wages paid.

79.     Furthermore, insofar as Plaintiff and Class Members are only paid for the pieces (i.e., deliveries) they complete, they are not paid at all for time worked not covered by the piece rate system such as conducting required inspections, cleaning trucks and shipping containers, detention time until a certain threshold is reached, and time attending training and other meetings. Additionally, and because Defendants have no rest break policy, the delivery workers are not paid, at all, for the rest periods that the Labor Code and Wage Order designate as "hours worked." In each and every instance, the workers receive less than the minimum wage for their mandated rest periods.

80.     Labor Code § 1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

81.     Labor Code § 1194 provides: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

82.     Labor Code § 1194.2(a) provides: "In any action under … Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

83.     Insofar as Defendants, and each of them, failed to pay Plaintiff and Class Members an amount that was at least the same as the applicable minimum wage, Defendants, and each of them, were and are in violation of the applicable wage and hour laws.

84.     Wherefore, Plaintiff and Class Members class are entitled to damages in the sum of unpaid wages, liquidated damages, and the other relief provided by the Labor Code, in an amount according to proof at the time of trial.

<u>**THIRD CAUSE OF ACTION**</u>

**FOR FAILURE TO PROVIDE MEAL BREAKS**

**(Labor Code §§ 226.7, 512, and Wage Order)**

85.     Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

86.     Under California law, and as applicable hereto, no worker may be compelled to labor for a work period of five or more hours without being provided with a 30-minute, duty-free meal break. Likewise, no worker may be compelled to work for more than 10 hours in a single day, without being provided with a second, 30-minute, duty-free meal break. (Labor Code § 512 and Part 11 of Wage Order 9.)

87.     Defendants failed to provide the required meal breaks to Plaintiff and Class Members, even though they regularly labored for work periods of more than five hours, without a meal break, and workdays of more than 10 hours, without a second meal break. Plaintiff alleges, on information and belief, that Defendants had no policy, procedure, or practice with regard to the provision of meal breaks to the delivery workers and that the lack of such policy, procedure, and practice led to the result that none of the delivery workers were provided with the required meal breaks.

88.     Pursuant to Labor Code § 226.7(b), each Plaintiff and each member of the putative

class is entitled to recover from Defendants the sum of one hour of pay at their regular rate for each meal period that was not provided by Defendants.

## **FOURTH CAUSE OF ACTION**

### **FOR FAILURE TO PROVIDE REST BREAKS**

### **(Labor Code §§ 226.7, 512, and Wage Order)**

89.     Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

90.     Under California law, and as applicable hereto, employers must authorize and provide a ten minute, duty-free rest break for every four hours of work in a workday. (Part 12 of Wage Order 9.) The rest period shall be counted as "hours worked." (*Ibid.*)

91.     Defendants failed to authorize and/or provide the required rest breaks to Plaintiff and the Class Members, even though Plaintiff and the Class Members regularly labored for work periods of more than four hours, without a rest break, and workdays of more than 10 hours, without additional rest breaks. Plaintiff alleges, on information and belief, that Defendants had no policy, procedure, or practice that affirmatively authorized rest breaks to the delivery workers, and in fact Defendants affirmatively represented that Plaintiff and the Class Members were Independent Contractors not entitled to be provided rest breaks by FEDEX. Defendants' uniform policies procedures and practices constitute a failure to authorize such breaks and led to the result that required rest breaks were not provided.

92.     Further, as Defendants only compensated Plaintiff and the Class Members, based on a piece rate and thus, did not have a mechanism to compensate Plaintiff and Class Members for rest periods, even if taken, then Plaintiff and Class Members could not and did not receive paid rest periods as required by California law.

93.     Pursuant to Labor Code § 226.7(b), each Plaintiff and each member of the putative class is entitled to recover from Defendants the sum of one hour of pay at their regular rate for each rest period that was not authorized and/or provided by Defendants.

/ / /

/ / /

## FIFTH CAUSE OF ACTION

## FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENSES

### (Labor Code § 2802)

94.     Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

95.     Under California law, workers are entitled to be indemnified "for all necessary expenditures or losses incurred by them in direct consequence of the discharge of their duties."

96.     As previously alleged herein, Defendants maintain uniform policies, procedures, and practices requiring Plaintiff and Class Members to incur significant, substantial, and ongoing necessary business expenses that rightfully should have been borne by Defendants, and Defendants have failed to reimburse Plaintiff and Class Members for the said expenses.

97.     Because these necessary expenses were incurred by Plaintiff and Class Members in direct consequence of the discharge of their duties, Plaintiff and Class Members are entitled to be indemnified, pursuant to Labor Code § 2802(b), with interest thereon beginning from the date that each expense was incurred.

## SIXTH CAUSE OF ACTION

## FOR IMPROPER DEDUCTIONS FROM WAGES

### (Labor Code § 226; Wage Order)

98.     Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

99.     California law prohibits an employer from deducting anything from an employees' wages, other than those deductions explicitly permitted by law. The fees deducted from Plaintiff's and Class Members' wages are not explicitly permitted by law. Nevertheless, Defendants' custom, policy and practice was and is to deduct these fees from wages being paid to Plaintiff and Class Members. This deduction was and is an illegal deduction from wages under California law.

100.     Further, California law prohibits an employer, in the absence of dishonesty or gross negligence, from making any deduction or requiring any reimbursement for any cash shortage, breakage, or loss of equipment. However, Defendants had and have a policy, custom, and/or

practice of making such unlawful deductions and requiring unlawful reimbursements. from Plaintiff and Class Members.

101.    Plaintiff and Class Members are entitled to recover from Defendants the amounts improperly and illegally deducted from their compensation, as well as the penalty specified in Labor Code § 226(e), an injunction to enjoin the continuation of this policy, practice and/or custom, and an award of reasonable costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### FOR INADEQUATE AND/OR FAILURE TO PROVIDE

### ITEMIZED WAGE STATEMENTS

### (Labor Code § 226 and 226.2)

102.    Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

103.    Labor Code § 226 makes it unlawful for an employer to fail to provide accurate and itemized wage statements to its employees.

104.    Pursuant to California Labor Code Section 226(a), Plaintiff and Class Members were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing, *inter alia*: (a) gross wages earned; (b) net wages earned; (c) all applicable hourly rates in effect during the pay period; and (d) the corresponding number of hours worked at each hourly rate by the employee.

105.    Pursuant to Labor Code Section 226.2(a)(2)(A), Plaintiff and the Class Members, as they were paid on a piece rate basis, were also entitled to receive, an accurate itemized statement showing: (a) the total hours of compensable rest and recovery periods; (b) the rate of compensation, and (c); the gross wages paid for those periods during the pay period.

106.    Defendants violated the foregoing provisions, in that Defendants failed to provide Plaintiff and Class Members with accurate itemized statements in accordance with California Labor Code Section 226(a) by providing Plaintiff and Class Members with wage statements with inaccurate entries for hours worked, corresponding rates of pay, and total wages earned, as a result of the unlawful labor and payroll practices described herein. Defendants also violated

226.2(a)(2)(A) by failing to provide Plaintiff and Class Members wage statements that provided the total hours of compensable rest and recovery periods, the rate of compensation for them, and the gross wages paid for those periods during the pay period. Plaintiff and Class Members are therefore entitled to the statutory penalty set forth in subdivision (e) of section 226, as well as an injunction against Defendants, under subdivision (h), including an award of costs and reasonable attorney's fees.

## EIGHTH CAUSE OF ACTION

### FOR UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

107.    Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

108.    Defendants have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing, and utilizing the policies, customs, and practices outlined above, including, to wit: (1) not paying all wages, including minimum wage, and overtime; (2) failing to pay all earned wages in a timely fashion; (3) failing to pay premium wages for meal and rest breaks not provided; (4) making improper deductions from compensation and failing to keep proper records as required by law; (5) failing to reimburse and/or indemnify Plaintiff and Class Members for Defendants' necessary business expenses; (6) improperly classifying Plaintiff and Class Members as independent contractors; and (7) Failing to pay all wages owed upon termination.

109.    Plaintiff and Class Members have each suffered actual harm as a result of Defendants' unfair and/or unlawful business practices. Plaintiff and the Class Members have been deprived of wages actually earned but wrongfully and unlawfully retained by Defendants.

110.    Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors who follow the law.

111.    Plaintiff seeks, on his own behalf, on behalf of the Class Members, and on behalf of the general public, full restitution of monies, as necessary and according to proof, to restore any

and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

112.    The acts complained of herein occurred within the last four years preceding the filing of this action.

113.    Plaintiff is informed and believes, and based thereon allege, that at all times pertinent hereto, Defendants have engaged in unlawful, deceptive, and unfair business practices, a proscribed by Bus. & Prof. Code §§ 17200 *et seq*., including those set forth hereinabove, thereby depriving Plaintiff and other members of the general public of the wages, minimum working standards and conditions due to them under California's laws and Industrial Welfare Commission wage orders specifically described herein.

<u>NINTH CAUSE OF ACTION</u>

FOR UNJUST ENRICHMENT

114.    Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this complaint, as though set forth in full at this point.

115.    Plaintiff and the Class Members conferred a benefit upon Defendants by working on their behalf without compensation, including but not limited to, working hours for which they were not compensated.

116.    Defendants had an appreciation or knowledge of the benefit conferred by Plaintiff and the Class Members.

117.    Defendants accepted and retained the benefit under circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1.  For an order certifying the proposed Class;

2.  For an order appointing Plaintiff, as the representative of the Class;

3.  For an order appointing Counsel for Plaintiff as Class counsel;

4.  On the First Cause of Action, a declaration that Defendant's conduct violated and

violates California law; a declaration that Plaintiff and the class members are Defendants' employees and entitled to the protections of the Labor Code and applicable Wage Order; and restitution and disgorgement of all sums improperly retained by Defendants as a result of their misclassification of Plaintiff and class members;

5. On the Second Cause of Action, for damages and/or penalties, including liquidated damages, as provided by statute, in an amount according to proof at the time of trial;

6. On the Third Cause of Action, for damages and/or penalties, as provided by law, in an amount according to proof at the time of trial;

7. On the Fourth Cause of Action, for damages and/or penalties, as provided by law, in an amount according to proof at the time of trial;

8. On the Fifth Cause of Action, for reimbursement of all necessary business expenses advanced by Plaintiff and the class members, in an amount according to proof at the time of trial;

9. On the Sixth Cause of Action, for damages and/or penalties, as provided by law, and for an injunction enjoining Defendants from continuing to make unlawful deductions from the delivery workers' compensation, interest thereon, and reasonable costs and attorneys' fees, as provided by Labor Code § 226;

10. On the Seventh Cause of Action, for damages and/or penalties, as provided by law, in an amount according to proof at the time of trial;

11. On the Eighth Cause of Action, for restitution to Plaintiff and other similarly situated members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by the Court to be in violation of Bus. & Prof. Code §§ 17200 *et seq.*, for an injunction to prohibit Defendants from engaging in the unfair business practices complained of herein, for an injunction requiring Defendants to give notice, to persons to whom restitution is owing, of the means by which to file and make claim for restitution;

12. On the Ninth Cause of Action, for quasi-contract recovery for services rendered;

13. On all causes of action, for attorneys' fees and costs, as provided by Labor Code §§

1          218.5, 226, 1194, and Code of Civil Procedure § 1021.5;

2      14. On all causes of action, for the penalties permitted by law; and,

3      15. For all such other and further relief as the Court may deem just and proper.

4

5   DATED: November 30, 2020                **MARLIN & SALTZMAN, LLP**

6                                            By: _____

7                                                Stanley D. Saltzman, Esq.
                                                 Cody A. Kennedy, Esq.
8                                                Attorneys for Plaintiff and the putative Class

---

FIRST AMENDED CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

DATED:  November 30, 2020

**MARLIN & SALTZMAN, LLP**

By: _____

Stanley D. Saltzman, Esq.
Adam M. Tamburelli, Esq.
Cody A. Kennedy, Esq.
Attorneys for Plaintiffs and the putative Class

FIRST AMENDED CLASS ACTION COMPLAINT