**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq. (SBN 90058)
Cody R. Kennedy, Esq. (SBN 296061)
Marissa A. Mayhood, Esq. (SBN 334376)
29800 Agoura Road, Suite 210
Agoura Hills, California   91301
Telephone:   (818) 991-8080
Facsimile:    (818) 991-8081
ssaltzman@marlinsaltzman.com
ckennedy@marlinsaltzman.com
mmayhood@marlinsaltzman.com

*Attorneys for Plaintiffs Kawaski Corley, individually and on behalf of*
*all others similarly situated and aggrieved*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KAWASKI CORLEY**, individually and on behalf of all others similarly situated, | Case No. 5:19-cv-00429-ODW (SHKx) |
| | Assigned: Hon. Otis D. Wright, II |
| Plaintiffs, | **PLAINTIFF'S REPLY ISO MOTION FOR CLASS CERTIFICATION** |
| v. | |
| FEDEX GROUND PACKAGE SYSTEM INC., A DELAWARE CORPORATION; and **DOES 1 to 100**, inclusive, | Date:          December 6, 2021<br>Time:          1:30 p.m.<br>Ctrm:          5D |
| Defendants. | |

# TABLE OF CONTENTS

I.      DEFENDANT'S ADEQUACY CHALLENGES FAIL .......................... 2

II.     DEFENDANT'S TYPICALITY CHALLENGES FAIL ........................ 4

III.    SUFFICIENT COMMONALITY EXISTS ............................................ 6

        A.      California Law Controls.................................................... 8

        B.      Common Questions Predominate The Labor Code § 226
                Claim ................................................................................. 9

        C.      Common Questions Predominate The Labor Code § 2802
                Claim ............................................................................... 11

IV.     THE CLASS ACTION DEVICE REMAINS SUPERIOR ................... 11

PLAINTIFF'S REPLY ISO MOTION FOR CLASS CERTIFICATION

# TABLE OF AUTHORITIES

## Cases

*Aguilar v. Zep Inc.*,
   2014 WL 4245988 (N.D. Cal. 2014) ............................................................... 8, 9

*Alberts v. Aurora Behavioral Health Care*,
   241 Cal.App.4th 388 (2015) ............................................................................ 1

*Alexander v. FedEx Ground Package System, Inc.*,
   765 F.3d 981 (9th Cir. 2014) ........................................................................... 1

*Alfred v. Pepperidge Farm, Inc.*,
   322 F.R.D. 519 (C.D. Cal. 2017) ..................................................................... 11

*Anderson v. Mt. Clemens Pottery Co.*,
   328 U.S. 680 (1945) ........................................................................................ 6

*Barriga v. 99 Cents Only Stores LLC*,
   51 Cal. App. 5th 299 (2020) ........................................................................... 2

*Bernstein v. Virgin America, Inc.*,
   3 F.4th 1127 (9th Cir. 2021) ......................................................................... 8, 9

*Boyd v. Bank of America Corp.*,
   300 F.R.D. 431 (C.D. Cal. 2014) ..................................................................... 12

*Campagna v. Language Line Servs., Inc.*,
   2012 WL 156229  (N.D. Cal. 2012) ............................................................... 8, 9

*Castillo v. Bank of America, NA*,
   980 F.3d 723 (9th Cir. 2020) ........................................................................... 11

*Dilts v. Penske Logistics, LLC*,
   267 F.R.D. 625 (S.D. Cal. 2010) ....................................................................... 9

*Espejo v. The Copley Press, Inc.*,
   13 Cal.App.5th 329 (2017) .............................................................................. 11

*Estrada v. FedEx Ground Package System, Inc.*,
   154 Cal.App.4th 1, 4 (2007) …………………………………………………… 1, 9

*First Am. Title Ins. Co. v. Superior Court*,
   146 Cal. App. 4th 1564  (2007) ....................................................................... 3

*Fleming v. Matco Tools Corporation*,
   2021 WL 673445 (N.D. Cal. 2021) ................................................................. 6

*Furry v. East Bay Publishing, LLC*
   30 Cal.App.5th 1072 (2018) ........................................................................... 6

*Gentry v. Superior Court*,
    42 Cal. 4th 443 (2007) ...................................................................... 3

*Gonzales v. San Gabriel Transit, Inc.*,
    40 Cal. App. 5th 1131 (2019) ....................................................... 6, 7

*Humes v. First Student, Inc.*,
    758 Fed.Appx. 593 (9th Cir. 2019) ................................................ 10

*In re Brazilian Blowout Litig.*,
    2011 WL 10962891 (C.D. Cal. 2011) ............................................ 12

*Jacobs v. Genesco, Inc.*,
    2008 WL 7836412 (E.D. Cal. 2008) ................................................ 3

*Johnson v. GMRI, Inc.*,
    2007 WL 2462101 (E.D. Cal. 2007) ................................................ 3

*Kao v. Holiday*,
    12 Cal. App. 5th 947 (2017) ......................................................... 10

*LaCross v. Knight Transp. Inc.*,
    775 F.3d 1200 (9th Cir. 2015) ....................................................... 11

*Martinez v. Combs*,
    49 Cal. 4th 35 (2010) ................................................................ 6, 7, 8

*Medina v. Equilon Enterprises, LLC*,
    68 Cal. App. 5th 868 (2021) ........................................................... 8

*Mitchell v. Corelogic, Inc.*,
    2018 WL 6118444 (C.D. Cal. 2018) ............................................... 3

*Noori v. Countrywide Payroll & HR Sols., Inc.*,
    43 Cal. App. 5th 957 (2019) ......................................................... 10

*Overpeck v. FedEx Ground Package Sys., Inc.*,
    (No. 4:18-cv-07553 (N.D. Cal.) ..................................................... 12

*Owino v. CoreCivic, Inc.*,
    2021 WL 120874 (S.D. Cal. 2021) ................................................ 10

*Pacheco v. Aldeeb*
    (W.D.Tex. 2015) 127 F.Supp.3d 694, 698 ....................................... 2

*People v. Uber Techs., Inc.*,
    56 Cal. App. 5th 266 (2020) ........................................................... 7

*Perry-Roman v. AIG Retirement Services, Inc.*,
    2009 WL 10673231 (C.D. Cal. 2009) ............................................. 3

*Piekarski v. Amedisys Illinois, LLC*
 (N.D.Ill. 2013) 4 F.Supp.3d 952 ..............................................................................2

*Pole v. Estenson Logistics, LLC,*
 2016 WL 4238635 (C.D. Cal. 2016)......................................................................12

*Sali v. Corona Regional Medical Center,*
 909 F.3d 996 (9th Cir., 2018)................................................................................10

*Slayman v. FedEx Ground Package Sys., Inc.,*
 765 F.3d 1033 (9th Cir. 2014)..................................................................................1

*Sullivan v. Oracle Corp.,*
 51 Cal. 4th 1191 (9th Cir. 2011) ..............................................................................9

*Torres v. Mercer Canyons Inc.,*
 835 F.3d 1125 (9th Cir. 2016)..................................................................................6

*Vazquez v. Jan-Pro Franchising Int'l, Inc.,*
 10 Cal. 5th 944 (2021) ..............................................................................................7

*Ward v. United Airlines, Inc.,*
 9 Cal.5th 732 (9th Cir. 2020) ...............................................................................8, 9

**Statutes**

Cal. Lab. Code § 226 .......................................................................................9, 10, 11, 12

Cal. Lab. Code § 2776 ...........................................................................................................6

Cal. Lab. Code § 2776 (a)(10) ..............................................................................................8

Cal. Lab. Code §§ 2802 ...........................................................................................8, 9, 10, 13

PLAINTIFF'S REPLY ISO MOTION FOR CLASS CERTIFICATION

Defendant's opposition is a wall of cards, attempting to obscure a common and systematic FedEx employment practice, affecting all of its California linehaul workers. The legality of Defendant's overarching misclassification may only be sufficiently addressed through the class action device since individual actions would burden our court system with repetitive proceedings of the same issues, create the risk of inconsistent judgments regarding common questions of law and fact, and lead to ineffective partial enforcement of California's labor protections in favor of only those workers who had the funds and knowhow to pursue their own claims and were willing to risk the possibility of retaliation by Defendant for stepping forward.

Here, the workers comprising the Class carried out the exact services which FedEx exists to provide (i.e. facilitating the transport of FedEx's customers' goods), on FedEx's own behalf, for FedEx customers, while utilizing FedEx facilities and operating under FedEx's DOT number. Kennedy Dec.[1] Ex. 4, at 37:18-23; Ex. 5, pg. 57; Ex. 6, pg. 58; Ex. 7, pg. 65; Ex. 8, pg. 54; Ex. 9, pg. 28; Ex. 14. FedEx's own internal policies and procedures along with testimony regarding its actual practices evidence that it retained a virtually unlimited 'right to control' the work performed, including the ability to change rules and terms unilaterally at its whim via mandatory addendums and notices. See Pltf's Mot. at 3:17-4:25. It remains indisputable that FedEx unilaterally mandated this arrangement in the wake of several decisions[2] previously finding misclassification and that despite hollow lip service to independence[3] it uniformly enforced its own minimum performance requirements upon its workers without the ability for negotiation. Ultimately, FedEx has succeeded in its goal of creating a cohesive pool of employees operating under its

---

[1] Unless stated otherwise, all exhibit references herein refer to the previously filed Declaration of Cody Kennedy ISO Class Certification.

[2] *Alexander v. FedEx Ground Package System, Inc.*, 765 F.3d 981, 984 (9th Cir. 2014); *Estrada v. FedEx Ground Package System, Inc.*, 154 Cal.App.4th 1, 4 (2007); *Slayman v. FedEx Ground Package Sys., Inc.*, 765 F.3d 1033, 1037 (9th Cir. 2014).

[3] See *Alberts v. Aurora Behavioral Health Care*, 241 Cal.App.4th 388, 406 (Cal. App. 2 Dist., 2015)("mere existence of a lawful […] policy will not defeat class certification in the face of actual contravening policies and practices that, as a practical matter, undermine the written policy")

own minimum customer service, safety, and professionalism standards. FedEx has even acknowledged in its own policy documents and corporate testimony that these workers are part of the Fedex Ground system" and directly "represent" FedEx while carrying out their work. See Pltf's Mot. at 17-8:25.

## I.    DEFENDANT'S ADEQUACY CHALLENGES FAIL

Plaintiff is an adequate representative, having performed work as an authorized officer ("AO"), business contact ("BC"), and driver for Fedex during the class period, and having been subject to the same misclassification, failure to reimburse business expenses, and wage statement violations complained of. Plaintiff meets the minimal knowledge requisites, has declared his willingness to represent the class, and has proven able to carry out his role thus far.

Defendant contends that Plaintiff's status as a former worker renders him "antagonistic" to the class *solely in relation to the claim for declaratory relief*. Defendant supposedly bases its challenge upon two cherry-picked declarations from current AOs (out of the more than 350 AOs and 5,000 drivers identified), but has only included one of these declarations as an exhibit (See Scott Decl. Exhibits 5-6 [including two copies of "Schriner" decl., and omitting "Sargarino" decl.]). Such evidence carries little, if any weight, with the declarant having never spoken to plaintiff's counsel regarding the case, and with no indication that the declarant retained her own counsel or was adequately informed of the facts, issues, or potential benefits of this action prior to providing Defendant with a declaration. *Barriga v. 99 Cents Only Stores LLC*, 51 Cal. App. 5th 299 (2020) (Ongoing business relationship is "inherently conducive to coercive influence" and there is "broad discretion to […] discount the evidentiary weight to be given the declarations when deciding the class certification motion"); *See also Pacheco v. Aldeeb* (W.D.Tex. 2015) 127 F.Supp.3d 694, 698 [Same]; *Piekarski v. Amedisys Illinois, LLC* (N.D.Ill. 2013) 4 F.Supp.3d 952, 955 ["[W]here there is an ongoing business or employment relationship between the class and [defendant], communications may be inherently coercive."]).

In any event, California law is clear that employment status and its accompanying labor protections may not be waived or contracted away, even by an unwilling employee. *See Gentry v. Superior Court*, 42 Cal. 4th 443, 450 (2007). Accordingly, several courts (including this district) have found that equitable relief may still be sought by a former employee on a class-wide basis if there is even an "inference that current employees may be resistant to champion the claims of potential class members". *Johnson v. GMRI, Inc.*, 2007 WL 2462101, at *5 (E.D. Cal. Aug. 27, 2007); See also *Mitchell v. Corelogic, Inc.*, 2018 WL 6118444, at *18 (C.D. Cal. Aug. 7, 2018) ("the Court found that former employees were adequate representatives to seek injunctive relief for a class including current employees."); P*erry-Roman v. AIG Retirement Services, Inc.*, 2009 WL 10673231, at *2 (C.D. Cal., June 10, 2009) ("public policy considerations, including fear of retaliation by current employees, support the pursuit of injunctive relief by a former employee."); *Jacobs v. Genesco, Inc.*, 2008 WL 7836412, at *4 (E.D. Cal. Sept. 3, 2008) ("disqualifying [former employee] plaintiffs [from] seek[ing] injunctive relief would unfairly advantage defendants and rob potential class members of a remedy.") Accordingly, FedEx's position that current class members may be hesitant to step forward due to their ongoing business relationships serves as a direct basis for a former employee, such as Plaintiff, to step in. However, should this Court have any reservations in allowing Plaintiff to pursue the declaratory relief claim, leave should be granted to allow an additional representative to be added. *First Am. Title Ins. Co. v. Superior Court*, 146 Cal. App. 4th 1564, 1574 (2007).

Defendant's second adequacy challenge is wholly illusory, lacking any evidence or argument that Plaintiff actually "participated in the actions that allegedly give rise to class claims"; instead simply assuming that his dual role as both an AO and driver would create a conflict. Unlike the two cases cited by Defendant, Plaintiff is not seeking certification of meal and rest break claims, where he would have arguably had direct input in the timing and provision of said breaks, nor is this a

discrimination action where the Plaintiff's own actions could be at risk of being deemed discriminatory. Rather, the claims here focus solely on FedEx's own duties as an employer; specifically, whether "FedEx" failed to classify Plaintiff and the Class as its employees. Plaintiff had no input nor control over FedEx's unilateral decision to disavow its employer status, nor FedEx's admitted policy of not issuing wage statements to Plaintiff and the Class (and similarly its policy not to be listed as an employer on any wage statements issued separately by any TSPs.) The remaining claim for reimbursement of business expenses is limited to only the subclass of AOs, so FedEx's "supervisory role" argument does not apply.

Defendant's final adequacy challenge against Plaintiff's counsel is frivolous. Here, Plaintiff's counsel has complied with Court mandated deadlines, prevailed against Defendant's motion for summary judgement ("MSJ"), defended against and responded to discovery and depositions, and conducted its own discovery resulting in thousands of pages of documents being obtained and critical deposition testimony form FedEx's 30(b)(6) designee. Defendant's comments regarding the belaire-west process carries no weight and omits updates to the class definition that would have rendered any earlier notice insufficient. Ultimately, Defendant cites no authority supporting a finding that counsel have acted inadequately.

## II.   DEFENDANT'S TYPICALITY CHALLENGES FAIL

Defendant's typicality challenges likewise fail. First, Defendant tactically omits language from the Class Definition which includes both those who worked under its operating agreements titled "TSPA[s]" along with all "*similarly titled agreement[s]*", accounting for Defendant's internal renaming of said agreements. Here, Defendants operating agreements renewed automatically year to year (Ex. 4, at 187:3-188:4) and were brought in line with current agreements through various mandatory amendments and addendums. As admitted by Defendant, Plaintiff was subject to this exact process, and despite originally being contracted in his personal capacity, in 2011 he was designated as an "AO" for K Corley Trucking Inc. when

4

FedEx switched to its TSP business model. Def. Opp., at 11  ("[I]n 2011 K Corley [Trucking Inc.] entered into an agreement with FedEx Ground, and that agreement was amended periodically ... to add new terms or alter existing ones")

Ultimately, as an AO, BC, and driver during the class period, Plaintiff was subject to FedEx's uniform business practices, along with its minimum operating, appearance, customer service, and safety requirements (Ex. 10 at §§ 1.11-1.14). These requirements were described in FedEx's operating agreements and contained within FedEx's various business familiarization guides and other documents in effect throughout the class period. Further, FedEx's own corporate testimony confirms that "the type of work being carried out hasn't changed significantly" from prior to 2010 to present. (Ex. 4, at 190:11-191:5) Unlike the single district court opinion it relies upon, Defendant here alleges no "material differences" that would rise to the level of defeating typicality.

Defendant's next typicality challenge is directed solely at the claim for declaratory relief and is simply a re-hash of its previous adequacy challenge based upon Plaintiff's status as a former worker; accordingly, this challenge has already been addressed. *See supra* Section II ¶3. Defendant also nonsensically asserts that Plaintiff is subject to judicial estoppel simply because he prevailed against Defendant's prior MSJ. Plaintiff's claims have remained consistent, and do not accept the validity of the TSP model established by FedEx's operating agreements. As recognized by this Court, "Corley brings this action […] to enforce his employment rights under California law. It is not enough […] that Corley's claims might in some way relate to the terms of the Operating Agreement[…] The fact that Corley's claims in this case happen to repudiate the Operating Agreement's legality further reinforces the Court's conclusion."  Dkt No 29, p.7:4-15; See also p5:20-21 ("[F]ar from embracing the agreement, Corley alleges that FedEx's employment practices are unlawful") Defendant simply continues to ignore the fact that the protections established via California's labor code and wage orders are not based in

contract and may specifically reach through creative business arrangements (including intermediary "business services provider[s]") to impose liability. See e.g. Cal. Lab. Code § 2776; *Martinez v. Combs,* 49 Cal. 4th 35, 64 (2010).

Finally, Defendant argues, without any supporting authority, that plaintiff's lack of personal copies of business expense records somehow renders him a-typical; despite the fact that Defendant maintains its own records of common fuel, insurance, and other expenses incurred and deducted from Plaintiff's, and all other AO's settlement statements throughout the Class Period. Ultimately, it remains indisputable that Plaintiff performed work during the class period typical of the class, and that Defendant had an admitted policy of not reimbursing common business expenses necessary to carry out its linehaul operations. At most, challenges to the amount of Plaintiff's (or any class member's) recoverable expenses, would constitute an issue of damages that would not support the denial of certification. *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1137 (9th Cir. 2016)  Further, it is well established that if an employer's records are inexact, "the consequences for such failure should fall on the employer, not the employee", and damages awarded may be "proximate". *Furry v. East Bay Publishing, LLC* 30 Cal.App.5th 1072, 1079-80 (2018) [Where the only uncertainty is the amount of damage "it would be a perversion of justice to deny all relief to the injured person"].); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1945).

## III.    SUFFICIENT COMMONALITY EXISTS

FedEx's argument that this Court cannot evaluate the predominance of common issues across multiple legal tests is meritless. *Gonzales*, 40 Cal.App.5th at 1164–65; *Fleming v. Matco Tools Corporation*, 2021 WL 673445, at *5-11 (N.D. Cal., 2021). Likewise, Defendant's claim that assumed "variances" in the applicable misclassification laws somehow "overwhelm common issues" is unfounded.

FedEx's argument that Plaintiff and the Class would need to individually establish that FedEx was the "hiring entity" of each class member has been

specifically addressed and rejected by the Cal. Court of Appeal. *People v. Uber Techs., Inc.*, 56 Cal. App. 5th 266, 288 (2020), review denied (Feb. 10, 2021) ("[T]o make the determination of whether the party acquiring a worker's service is a "hiring entity" an additional step in the ABC test […] is inconsistent with the holding in Dynamex"). Defendant's second argument that individualized "bona fide business" exception determinations would be required under the ABC test is likewise incorrect. In order to avail itself to the exception, Defendant would need to establish, among other things, that "[t]he business service provider can negotiate its own rates." Cal. Labor Code § 2776 (a)(10). Notably, Defendant's clear testimony that its rates of pay were provided on a nonnegotiable "take-it-or-leave-it" basis alone would bar the exception on a class-wide basis. Ex. 4, at 180:15-181:5. In situations where even a single requisite element can be addressed by common evidence, Class Certification remains proper. *Dynamex*, 4 Cal. 5th at 966 .

Defendant's argument that Plaintiff's 2802 claim must be separately addressed under the *Borello* test is similarly incorrect. *Gonzales v. San Gabriel Transit, Inc.*, 40 Cal. App. 5th 1131 (2019), review dismissed, cause remanded sub nom. *Gonzales v. San Gabriel Transit*, 481 P.3d 1144 (Cal. 2021) ("[T]he ABC test applies to Labor Code claims which are either rooted in ... wage orders, or predicated on conduct alleged to have violated a wage order" and "violation of section 2802 is encompassed by Wage Order No. 9(8) and (9)"). Even if the *Borello* test somehow applied, the Cal. Supreme Court has held that "the three elements of the ABC test are prominent factors **already listed in Borello**". *Vazquez v. Jan-Pro Franchising Int'l, Inc.*, 10 Cal. 5th 944, 956 (2021), emphasis added. The additional "secondary" factors may be likewise adequately addressed via class-wide proof, further supporting certification. *See* fn. 1.

Alternatively, should the Court determine that the *Martinez* test applies, Defendant may be found liable where it is able to exercise "control over [an] intermediary entity to indirectly dictate the wages, hours, or working conditions of

the employee" *Medina v. Equilon Enterprises, LLC*, 68 Cal. App. 5th 868 (2021); See also *Martinez v. Combs*, 49 Cal. 4th 35, 60 (2010), as modified (June 9, 2010) Ultimately, Defendant's level of control over its TSPs and whether that control indirectly influences the wages, hours, or working conditions of the class, is subject to Class-wide proof of Defendant's own business practices.

## A.   California Law Controls

Defendant's statement that the Court will have to make a determination for each putative class member as to which state law applies is grossly inaccurate. Plaintiff's proposed class definition is limited to individuals who regularly worked in California or were based in California, and thus, had a significant relationship to California. Courts typically have applied California employment laws, such as Labor Code §§ 2802 and 226, to similarly proposed classes. *See Ward v. United Airlines, Inc.*, 9 Cal.5th 732, 755–56 (9th Cir., 2020); *Campagna v. Language Line Servs., Inc.*, 2012 WL 156229 *4 (N.D. Cal. May 2, 2012); *Aguilar v. Zep Inc.*, 2014 WL 4245988 at *13 (N.D. Cal. Aug. 27, 2014).

The Ninth Circuit has made clear that Labor Code § 226 shall apply to 1) workers who perform the majority of their work in California, or 2) workers who do not perform the majority of their work in any one state but are based for work purposes in California. *Ward*, 9 Cal.5th at 755–56. The *Ward* test presents a common and uniform question of law to be answered by this Court, supporting class certification, and specifically notes that other factors, which Defendant points to, such as "employer location, employee residence, receipt of pay, and payment of taxes" are not pertinent to this analysis. *Ward*, 9 Cal.5th at 760.

California law is applicable here since Plaintiff's purposed class definition is limited to individuals who directly performed work in California on behalf of Fedex or were designated an AO or BC of a TSP based in California. *See Bernstein v. Virgin America, Inc.*, 3 F.4th 1127, 1143 (9th Cir., 2021). Defendant confirmed that there are in fact class members who "are [AOs] of California-based [TSPs]" and

who "regularly drive in California but are based in other states." Defendant's Opposition, at 18:5-11. Notably, both of these situations meet the conditions set out by *Ward*. Defendant's also admitted in Special Interrogatory No. 19 that "approximately 342 [TSPs] domiciled out of a California hub or that otherwise had one or more tractors domiciled in California during the Class Period."

California law similarly applies to the §2802 claim for reimbursement of business expenses. A non-resident of California can recoup business expenses incurred in California. *See Campagna*, 2012 WL 156229 *4; *Aguilar*, 2014 WL 4245988 at *13 (extending the reasoning of *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1197 (9th Cir., 2011) to Labor Code claims including claims under § 2802). Plaintiff's § 2802 claim pertains to AOs who incurred operating expenses in California as a result of Defendant's nearly identical policies in the agreements which require the TSPs to "bear all costs and expenses [incidental to/related to] the operation of the equipment." See Exs. 5-7 OA § 1.3, Addendum 3 and 22; Exs. 8-9 OA §§ 4.6 and 8.6(a), Schedule D § 2.3(d). Defendant implemented business practices that required AOs to enforce and abide by the policies in those agreements. As a result, AOs were unable to recoup operating expenses, including but not limited to fuel and vehicle maintenance, which were undeniably necessary to perform the deliveries on behalf of Defendant. Yet again, this provides common evidence to assess another common question, whether the alleged wrongful conduct gives rise to liability which occurred within California. *See Bernstein*, 227 F.Supp.3d at 1063. Although the measure of damages may vary it does not preclude class certification. *See Dilts v. Penske Logistics, LLC*, 267 F.R.D. 625, 639-640 (S.D. Cal. 2010).

## B.   Common Questions Predominate The Labor Code § 226 Claim

Here, Plaintiff asserts a single straightforward theory of liability that Defendant knowingly and intentionally maintained a uniform policy of not issuing wage statements to its linehaul workers. (Ex. 4 216:13-217:1 (confirming that no wage statements were issued); See also Exs. 5-7, at § 4.2; Exs. 8-9, at § 5.2; *Kao v.*

PLAINTIFF'S REPLY ISO MOTION FOR CLASS CERTIFICATION

*Holiday*, 12 Cal. App. 5th 947, 961 (2017) ("[Defendant] knew it initially provided no wage statements to [Plaintiff] […] Its failure to comply with wage statement requirements was, therefore, knowing and intentional.[…] Liability is established even if [Defendant] believed, in good faith, that [Plaintiff] was a nonemployee"). Further, FedEx is unable to avail itself to a defense that its own wage statement obligations were fulfilled by any intermediary TSP, due to related written policies restricting TSPs from listing it as an employer on documents such as wage statements. See Exs. 5-7, at Addendum 16 § 2; Exs. 8-9, at § 6.2.

Under Section 226, classwide injury is "deemed to have been suffered" where "the employer fails to provide a wage statement" *or* where "the employer fails to provide accurate and complete information" and "the employee cannot promptly and easily determine" required information "from the wage statement alone." *Noori v. Countrywide Payroll & HR Sols., Inc.*, 43 Cal. App. 5th 957, 967 (2019), review denied (Mar. 25, 2020). Whether information can be "promptly and easily determine[d]" rests upon a "reasonable person" standard, and does not involve individual inquiry. Lab. Code § 226 (e)(2); See also *Humes v. First Student, Inc.*, 758 Fed.Appx. 593, 595 (9th Cir., 2019) ("violation of § 226 is a per se injury, there is no individualized issue of [injury] for purposes of predominance.")

Finally, Defendant's novel assertion that damage calculations should prevent certification of a Section 226 claim is meritless. *Sali v. Corona Regional Medical Center*, 909 F.3d 996, 1011 (9th Cir., 2018) ("Even if there is variation in the amount of each class members' damages, this is an insufficient basis by itself to deny certification.") Notwithstanding, damages could be calculated on a classwide method since Section 226 requires employers to issue a wage statement at least semimonthly. *See Owino v. CoreCivic, Inc.*, 2021 WL 120874, at *9 (S.D. Cal., 2021) (allowing averages in assessing damages in situations where the evidentiary difficulties are a product of Defendant's own deficiencies.)

/ / /

### C.      Common Questions Predominate The Labor Code § 2802 Claim

It is undisputed that FedEx does not provide reimbursement for common business expenses required to carry out the very transportation duties identified in its operating agreements (e.g. fuel, maintenance, insurance), and that it specifically deducts these expenses from payments made under its agreements. Ex. 4, at 222:25-223:12; Exs. 5-7 § 1.3, Addendum 3 and 22; Exs. 8-9 §§ 4.6 and 8.6(a), Schedule D § 2.3(d); Ex. 23. Where there is a policy of non-reimbursement, common categories of expenses are alleged, and those types of expenses would be necessarily incurred in order to carry out the type of work at issue (i.e. linehaul transportation of goods), class certification is proper. *Estrada*, 154 Cal.App.4th at 15 ("The Operating Agreement obligates the drivers to ... to bear all costs and expenses incidental to operation" of the trucks, including maintenance, cleaning, depreciation, fuel, oil, tires, repairs, taxes, licenses, tolls, and insurance."); *Espejo v. The Copley Press, Inc.*, 13 Cal.App.5th 329, 356 (2017) (Upholding class certification and judgement for reimbursement of common "vehicle expenses ("gasoline, maintenance, and insurance".)); *Alfred v. Pepperidge Farm, Inc.*, 322 F.R.D. 519, 548 (C.D. Cal., 2017); *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) ("Were plaintiffs to succeed on their claim that they are employees, [Defendant] will need to reimburse them for expenditures related to the ownership and operation of their trucks, including [...] fuel costs") Further, Defendant's proposition that certification should be barred because individual questions may arise as to the specific damages recoverable is unpersuasive. *Castillo v. Bank of America, NA*, 980 F.3d 723, 730 (9th Cir., 2020) ("Individual differences in calculating the amount of damages will not defeat class certification where common issues otherwise predominate.")

## IV.    THE CLASS ACTION DEVICE REMAINS SUPERIOR

Defendant does not raise any true manageability concerns; it simply recycles its predominance challenges, arguing that 'mini-trials' would be required to resolve various perceived issues already addressed. Similarly, there are no concerns that

would require a detailed trial plan. Rather, liability in this action hinges upon evidence of Defendant's own business practices, and will nearly exclusively rely upon common evidence such as FedEx's business records, corporate testimony, and representative testimony offered by class member witnesses regarding common practices, policies, and procedures. All of which is imminently manageable. *Pole v. Estenson Logistics, LLC*, 2016 WL 4238635, at *9 (C.D. Cal. Aug. 10, 2016)

As discussed in Plaintiff's underlying motion (at 24:5-25:20), there are substantial benefits in concentrating the litigation in this forum via a single comprehensive class action. It would make no sense to address the legality of FedEx's overarching business practices affecting thousands of class members on a piecemeal basis. Defendant's nebulous argument that class members may instead join together "to sue a [TSP]", rather than FedEx, in order to avoid high litigation costs, is nonsensical. Likewise, the fact that some class members may be entitled to a high recovery against FedEx, when taking into account highly uncertain recovery of attorney fees and costs, does not weigh against certification. *Boyd v. Bank of America Corp.*, 300 F.R.D. 431, 444 (C.D. Cal., 2014)

Defendant's final argument, that this action is encompassed by *Overpeck v. FedEx Ground Package Sys., Inc.*, (No. 4:18-cv-07553 (N.D. Cal.)), is likewise without merit. Defendant outright ignores that this action includes both class members and claims that are not present in the *Overpeck* litigation. Absent certification of this action, no class-wide recovery could be made for those class members and claims. Accordingly, the mere existence of a single nonidentical action does not defeat superiority. *In re Brazilian Blowout Litig.*, 2011 WL 10962891, at *9 (C.D. Cal. Apr. 12, 2011).

DATED:  November 22, 2021
                   **MARLIN & SALTZMAN, LLP**
                   By:  s/ Cody R. Kennedy
                       Stanley Saltzman
                       Cody R. Kennedy
                       Marissa A. Mayhood

1

## CERTIFICATE OF SERVICE

2       I, Cody Kennedy, an attorney, certify that I caused the foregoing document to

3   be served on all counsel of record in this action via the Court's CM/ECF system on

4   November 22, 2021.

5

6                                  _s/ Cody R. Kennedy_

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28