Jessica G. Scott (*pro hac vice*)
scott@wtotrial.com
Andrew H. Myers (*pro hac vice*)
myers@wtotrial.com
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:  303.244.1800
Facsimile:   303.244.1879

Scott Voelz (SBN 181415)
svoelz@omm.com
Christianna Kyriacou (SBN 313379)
ckyriacou@omm.com
O'MELVENY & MYERS
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Telephone:  213.430.6000
Facsimile:   213.430.6407

Attorneys for Defendant
FedEx Ground Package System, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| KAWASKI CORLEY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware Corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.:  5:19-cv-00429 ODW (SHKx)<br><br>**DEFENDANT FEDEX GROUND'S SURREPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Trial Date:_____ |

## I. PLAINTIFF'S NEW ARGUMENT THAT STANDING CONCERNS CAN BE CURED BY ADDING A NEW PLAINTIFF MUST FAIL

Binding authority confirms that Plaintiff lacks standing to seek declaratory relief. *See Bayer v. Neiman Marcus Grp.*, 861 F.3d 853, 868 (9th Cir. 2017); *Leu v. Int'l Boundary Comm'n*, 605 F.3d 693, 694 (9th Cir. 2010). Plaintiff cites cases denying <u>early</u> motions to strike declaratory or injunctive relief as "premature" and permitting the addition of new plaintiffs at an <u>early stage</u>. *See, e.g.*, *Mitchell v. Corelogic, Inc.*, No. SA CV 17-2274-DOC (DFMx), 2018 WL 6118444, at *18 (C.D. Cal. Aug. 7, 2018) (plaintiff may "add an additional class representative who is a current employee" <u>after motion to dismiss</u>); *Jacobs v. Genesco, Inc.*, No. CV. S-08-1666 FCD DAD, 2008 WL 7836412, at *4 (E.D. Cal. Sept. 3, 2008) ("striking the claim for injunctive relief is premature"). Determining that a plaintiff lacks standing is not premature at the class-certification stage. *See* subsection I.C, *infra*.

Binding authority also holds that standing cannot be "based on alleged injuries to unnamed members of a proposed class." *See Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999); *see Table Bluff Rsrv. (Wiyot Tribe) v. Philip Morris, Inc.*, 256 F.3d 879, 884 (9th Cir. 2001); *Gordon v. Aerotek, Inc.*, No. ED CV 17-0225-DOC (DTBx), 2017 WL 8217410, at *7 (C.D. Cal. Oct. 12, 2017) ("[E]ven named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" (quoting *Warth v. Seldin*, 422 U.S. 490, 502 (1975))). Plaintiff accordingly cannot base standing on putative class members' relationships with FedEx Ground.

FedEx Ground would be substantially prejudiced if a new plaintiff was added after discovery and class-certification briefing. A second amended complaint, at this stage, would cause undue delay. Courts have denied motions to add new class representatives <u>during discovery</u> because of prejudice and undue delay. *See, e.g.*, *Lucas v. Breg, Inc.*, No. 15-CV-258-BAS-NLS, 2016 WL 127583, at *5 (S.D. Cal.

Jan. 11, 2016). Once "the case has already progressed to or beyond the class certification phase," "the additional discovery and motion practice attendant to granting leave to amend would create 'precisely the sort of prejudice that justifies denial of a motion to amend.'" *Gonzalez v. Diamond Resorts Int'l Mktg., Inc.*, No. 2:18-CV-00979-APG-NJK, 2020 WL 4925702, at *7 (D. Nev. Aug. 21, 2020); *see Soto v. Castlerock Farming & Transp., Inc.*, No. 1:09-CV-00701 AWI, 2011 WL 3489876, at *7 (E.D. Cal. Aug. 9, 2011) ("Adding a new class representative would result in re-litigation of some of the same discovery issues, raise new discovery disputes, and cause further expenditure of scare judicial resources."); *In re Flash Memory Antitrust Litig.*, No. C 07-0086 SBA, 2010 WL 2332081, at *17 (N.D. Cal. June 9, 2010) (motion, "filed contemporaneously with the motion for class certification, is untimely because Plaintiffs waited until after their class certification filing to request this substitution of plaintiffs"); *Osakan v. Apple Am. Grp.*, No. C 08-4722 SBA, 2010 WL 1838701, at *5 (N.D. Cal. May 5, 2010) (adding new plaintiffs would "unduly prejudice Defendants, who have been preparing their defense based on the identity of the class representative"). FedEx Ground has already deposed Plaintiff, conducted extensive written discovery, obtained declarations from Plaintiff's company's former employees, briefed a summary judgment motion, opposed Plaintiff's class certification motion, and litigated this case for nearly three years.

## II. THE NEW ARGUMENT ABOUT DECLARATIONS ALSO MUST FAIL

The Court should not credit Plaintiff's arguments about the validity and weight of Authorized Officer and Service Provider driver declarations for three reasons. First, courts discount the evidentiary weight of or strike declarations <u>only if</u> the opposing party makes "a compelling showing that the [declarants] were misled or that the declarations were not freely and voluntarily given." *Barriga v. 99 Cents Only Stores LLC*, 51 Cal. App. 5th 299, 308, 327 (Ct. App. 2020). Plaintiff made only unfounded claims that individuals in a current relationship with FedEx Ground cannot freely give declarations. Courts decline to strike or discount declarations because of unfounded

2

DEF. FEDEX GROUND'S SURREPLY IN OPP. TO PL.'S MOT. FOR CLASS CERT.

claims. *See Maddock v. KB Homes, Inc.*, 248 F.R.D. 229, 237 (C.D. Cal. 2007) (considering declarations because "plaintiff submits no evidence to suggest that defendant engaged in any misleading or coercive communications with potential class members"); *Javine v. San Luis Ambulance Serv., Inc.*, No. 13-07480 BRO (SSx), 2014 WL 12496988, at *4 (C.D. Cal. Dec. 12, 2014). Plaintiff cites two cases, both of which involved actual evidence of coercion. *See Pacheco v. Aldeeb*, 127 F. Supp. 3d 694, 696–99 (W.D. Tex. 2015) (employer offered raise to employee to drop claims; withheld pay from employees with claims); *Piekarski v. Amedisys Illinois, LLC*, 4 F. Supp. 3d 952, 954, 956 (N.D. Ill. 2013) (after litigation began, employer implemented arbitration agreement "likely to confuse and mislead potential class members and prevent them from participating in this litigation").

    Second, Plaintiff's suggestion that the declarants are in an ongoing "employment relationship" with FedEx Ground puts the cart well before the horse. Plaintiff asks the Court to discount declarations based on the assumption that an employment relationship exists at the same time he seeks to certify a class to determine if an employment relationship exists. Further, several declarants have no current relationship with FedEx Ground. (ECF No. 70 8, Exs. 1, 2.)

    Third, Plaintiff had the ability to speak with each declarant. FedEx Ground provided their information to Plaintiff on June 25, 2021. (Exhibit A at 3–4.) Plaintiff has filed two joint stipulations stating that he might depose these individuals (ECF Nos. 50 at 3, 52 at 4), yet he has never attempted to do so.

Dated: _____, 2021   By: /s/ _____
                                              Jessica G. Scott
                                              WHEELER TRIGG O'DONNELL LLP

                                              Attorney for Defendant,
                                              FedEx Ground Package System, Inc.

# **CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on _____, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Stanley D. Saltzman
Cody R. Kennedy
Marissa A. Mayhood
Marlin & Saltzman, LLP
29800 Agoura Road, Suite 210
Agoura Hills, CA 91301
Telephone:  818.991.8080
Facsimile:   818.991.8081
Email:  ssaltzman@marlinsaltzman.com
            ckennedy@marlinsaltzman.com
            mmayhood@marlinsaltzman.com

*Attorneys for Plaintiff Kawaski Corley, individually, and on behalf of all others similarly situated and aggrieved*

                                                      *s/* _____

# Exhibit A: Corley – FedEx Ground's Second Supplemental Disclosures

Jessica G. Scott (*pro hac vice*)
scott@wtotrial.com
Andrew H. Myers (*pro hac vice*)
myers@wtotrial.com
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879

Scott Voelz (SBN 181415)
svoelz@omm.com
Christianna Kyriacou (SBN 313379)
ckyriacou.omm.com
O'MELVENY & MYERS
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Telephone: 213.430.6000
Facsimile: 213.430.6407

Attorneys for Defendant
FedEx Ground Package System, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| KAWASKI CORLEY, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware Corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 5:19-cv-00429 ODW (SHKx)<br><br>**FEDEX GROUND'S SECOND SUPPLEMENTAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)**<br><br>State Complaint: January 9, 2019 |

Defendant FedEx Ground Package System, Inc. ("FedEx Ground") makes the following supplemental disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

## PRELIMINARY STATEMENT

FedEx Ground has not completed the investigation of all of the facts of this case or analysis of this matter, and has not completed preparation for trial. Accordingly, these disclosures are provided pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and the Local Rules without prejudice to FedEx Ground's right to introduce at trial any evidence that is subsequently discovered relating to relevant issues involved in this case, and to produce and introduce all information whenever discovered relating to the proof of subsequently discovered material facts. Moreover, facts, documents, and things now known may be imperfectly understood and, accordingly, such facts, documents, and things may not be included in the following statement. FedEx Ground reserves the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial any and all facts, documents, and things notwithstanding the initial disclosures herein. FedEx Ground further reserves the right to refer to, conduct discovery with reference to, or offer into evidence at trial any and all facts, documents, and things which it does not presently recall but may recall at some time in the future.

FedEx Ground objects to the disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. To the extent that FedEx Ground inadvertently discloses information that may be protected from discovery under the attorney-client privilege, the attorney work

product doctrine, or any other applicable privilege, such inadvertent disclosure does not constitute a waiver of any such privilege.

The information set forth below is provided without waiving (1) the right to object to the use of any response for any purpose, in this action or any other action, on the grounds of privilege, relevance, materiality, or any other appropriate grounds; (2) the right to object to any requests involving or relating to the subject matter of the response herein; and (3) the right to revise, correct, supplement, or clarify any of the responses provided below, at any time. FedEx Ground specifically reserves the right to supplement its responses in accordance with the Federal Rules of Civil Procedure and the rules of this Court.

## DISCLOSURES

**REQUIREMENT (1)(A)(i)**:   The name and, if known, the address and telephone number of each individual likely to have discoverable information that Defendant may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**DISCLOSURE**: FedEx Ground has not completed the investigation of all the facts of this case. It is anticipated that more individuals with information may be discovered.

Without waiving any objections, FedEx Ground identifies individuals who may have discoverable information that FedEx Ground may use to support its claims or defenses, unless solely for impeachment, as follows:

1. Jamaris Purba, former employee of transportation trucking company, K Corley Trucking Inc. 7169 Verdugo Place, Fontana, CA 92336-1452; (909) 452-9648.

He has information relevant to the services offered by K Corley Trucking Inc. to FedEx Ground, and K Corley Trucking Inc.'s employment policies and practices.

    2.     Tyray McCray, former employee of transportation trucking company, K Corley Trucking Inc. 4745 S. Scott Way, Ontario, CA 91762-7365; (909) 246-8686. He has information relevant to the services offered by K Corley Trucking Inc. to FedEx Ground, and K Corley Trucking Inc.'s employment policies and practices.

    3.     Calvin Luckey, former employee of transportation trucking company, K Corley Trucking Inc. 13719 Stanbridge Avenue, Bellflower, CA 90706-2347; (562) 818-2564. He has information relevant to the services offered by K Corley Trucking Inc. to FedEx Ground, and K Corley Trucking Inc.'s employment policies and practices.

    4.     Michael Cahill, Authorized Officer ("AO") of transportation trucking company, Cahill Transportation Inc. 2140 E. Emerson Ave., Salt Lake City, UT 84108; (801) 414-8023. He has information relevant to the services offered by Cahill Transportation Inc. to FedEx Ground, Cahill Transportation Inc.'s employment policies and practices, and Cahill Transportation Inc.'s contractual relationship with FedEx Ground.

    5.     Steven Perez, owner of transportation trucking company, DMJ Trucking, Inc. ("DMJ"). 1328 E. Merced Ave., West Covina, CA 91790; (951) 634-2562. He has information relevant to the services offered by DMJ to FedEx Ground, DMJ's employment policies and practices, and DMJ's contractual relationship with FedEx Ground.

    6.     Armen Prasad, owner, Chief Executive Officer, and AO of transportation trucking company, Sierra Valley Logistics, Inc. 8718 Whitehouse Rd., Elk Grove, CA

95758; (916) 549-5196. He has information relevant to the services offered by Sierra Valley Logistics, Inc. to FedEx Ground, Sierra Valley Logistics, Inc.'s employment policies and practices, and Sierra Valley Logistics, Inc.'s contractual relationship with FedEx Ground.

7. John Sagarino, AO of transportation trucking company, Bubba Sag Inc. 245 Kitty Hawk Lane, Tustin, CA 92782; (909) 561-5204. He has information relevant to the services offered by Bubba Sag Inc. to FedEx Ground, Bubba Sag Inc.'s employment policies and practices, and Bubba Sag Inc.'s contractual relationship with FedEx Ground.

8. Linda Schriner, AO of transportation trucking company, ODD Enterprises, Inc. ("ODD"), and General Manager and Supervisor of transportation trucking company, Leonard Trucking, Inc. ("Leonard"). 7866 Silver Hills Drive, Riverside, CA 92506; (760) 499-9742. She has information relevant to the services offered by ODD and Leonard to FedEx Ground, ODD's and Leonard's employment policies and practices, and ODD's and Leonard's contractual relationships with FedEx Ground.

9. Raymond Staples, Chairman and Chief Executive Officer of TMP Holdings, Ltd., which owns and operates Pacific Freight, Inc. ("Pacific Freight"), a Beverly Hills-based logistics and trucking company. 4500 Via Marina PH 421, Marina Del Ray, CA 90292; (310) 246-0309. He has information relevant to the services offered by Pacific Freight to FedEx Ground, Pacific Freight's employment policies and practices, and Pacific Freight's contractual relationship with FedEx Ground.

10. Boris Stricevic, owner and AO of transportation trucking company, Flying Fox Logistics. 2201 E. Willow St., Ste. D324, Signal Hill, CA 90755; (310) 795-2922. He has information relevant to the services offered by Flying Fox Logistics to FedEx Ground, Flying Fox Logistics' employment policies and practices, and Flying Fox Logistics' contractual relationship with FedEx Ground. He also has information relevant to a linehaul driver staffing company of which he is part owner, Armada Trucking Group.

11. Marc Zoran, owner and AO of transportation trucking companies, GNZ Trucking and M Bros. 2201 E. Willow St., Ste. D324, Signal Hill, CA 90755; (562) 787-6732. He has information relevant to the services offered by GNZ Trucking and M Bros to FedEx Ground, GNZ Trucking's and M Bros' employment policies and practices, and GNZ Trucking's and M Bros' contractual relationship with FedEx Ground. He also has information relevant to a linehaul driver staffing company of which he is part owner, Armada Trucking Group.

12. Anthony Jones, linehaul package delivery driver for Pacific Freight, Inc. 954 Mira Lago Way, San Marcos, CA 92078; (949) 485-8556. He may have information relevant to working for Linehaul Contracted Service Providers, like Pacific Freight, interactions with FedEx Ground (or lack thereof), meal and rest breaks, pay, and other issues related to his employment with Linehaul Contracted Service Providers.

5
FEDEX GROUND'S SECOND SUPPLEMENTAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)

Dated: June 25, 2021

WHEELER TRIGG O'DONNELL LLP

By: */s/ Jessica G. Scott*
Jessica G. Scott
Andrew H. Myers

O'MELVENY & MYERS LLP
Scott Voelz
Christianna Kyriacou

Attorneys for Defendant,
FedEx Ground Package System, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2021 I served the foregoing **FEDEX GROUND'S SECOND SUPPLEMENTAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)** via electronic mail on the following:

Stanley D. Saltzman
Cody R. Kennedy
Marissa A. Mayhood
Marlin & Saltzman, LLP
29800 Agoura Road, Suite 210
Agoura Hills, CA 91301
Telephone:  818.991.8080
Facsimile:    818.991.8081
Email:  ssaltzman@marlinsaltzman.com
            ckennedy@marlinsaltzman.com
            mmayhood@marlinsaltzman.com

*Attorneys for Plaintiffs Kawaski Corley, individually, and on behalf of all others similarly situated and aggrieved*

*/s/ Faith Umaguing*
Faith Umaguing