**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq. (SBN 90058)
Cody R. Kennedy, Esq. (SBN 296061)
Marissa A. Mayhood, Esq. (SBN 334376)
29800 Agoura Road, Suite 210
Agoura Hills, California 91301
Telephone: (818) 991-8080
Facsimile: (818) 991-8081
ssaltzman@marlinsaltzman.com
ckennedy@marlinsaltzman.com
mmayhood@marlinsaltzman.com

*Attorneys for Plaintiffs Kawaski Corley, individually and on behalf of all others similarly situated and aggrieved*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KAWASKI CORLEY**, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM INC., A DELAWARE CORPORATION; and **DOES 1 to 100**, inclusive,<br><br>  Defendants. | Case No. 5:19-cv-00429-ODW (SHKx)<br><br>Assigned: Hon. Otis D. Wright, II<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** |

PLAINTIFF'S SUPPLEMENTAL BRIEF ISO MOTION FOR CLASS CERTIFICATION

Plaintiff Kawaski Corley submits this supplemental brief pursuant to this Court's April 29, 2022, Order. [Dkt. 81].

## I. THE ABC TEST APPLIES TO ALL NON-FINAL CLAIMS

The ABC test is not retroactive to a specific date but instead extends back in perpetuity for all "non-final cases" in existence from April 30, 2018 (the date of the *Dynamex* decision) going forward. See *Vazquez v. Jan-Pro Franchising Int'l, Inc.*, 10 Cal.5th 944, 948 (2021) ("*Jan Pro I*"). This would include the instant case and all claims asserted therein, because no final judgment was rendered on those claims prior to the *Dynamex* decision being issued. *Vazquez v. Jan-Pro Franchising Int'l, Inc.*, 986 F.3d 1106, 1117 (9th Cir. 2021) ("*Jan Pro II*") ("Because California law requires us to apply Dynamex retroactively, we can only avoid doing so if there is a constitutional reason we may not.")

As discussed by the Cal. Supreme Court in *Dynamex*, the ABC test functions as a clarification of existing law, and therefore applies retroactively "**to all cases not yet final as of the date our decision in became final**." *Jan Pro I*, 10 Cal.5th at 948; See also *Parada v. E. Coast Transp. Inc.*, 62 Cal. App. 5th 692, 699 (2021).

A myriad of post-*Dynamex* decisions interpreting the ABC test, and the subsequent statutes codifying and expanding the ABC test, have likewise made clear that the test applies to **all existing claims and actions** arising from California's wage orders. Cal. Lab. Code § 2785; *James v. Uber Technologies Inc.*, 338 F.R.D. 123, 144 (N.D.Cal., 2021) (acknowledging that Assembly Bill 5 ("AB 5") contains a statement that it is a declaration of current existing law, rendering it retroactively applicable); See also Cal. Lab. Code § 2775 *et seq.* Similarly, the various tests to determine whether an employer may avail itself to an exemption from the ABC test are contained in Cal. Lab. Code §§ 2776-2784, and are retroactively applicable to all ongoing cases.[1] *Lawson v. Grubhub, Inc.*, 13 F.4th 908, 912 (9th Cir. 2021)

---

[1] This includes the "business to business" exception asserted by Defendant in this action. Cal. Lab. Code § 2785; see Opp. to Pltf. Mot. for Class Cert., at 15:3-27.

However, to the extent that AB5 and Cal. Lab. Code § 2775 *et seq.* expanded the ABC test to other non-wage order claims, those provisions function only prospectively from January 1, 2020 forward. *Lawson v. Grubhub, Inc.*, 13 F.4th 908, 912 (9th Cir. 2021)

## II. THE *MARTINEZ* ANALYSIS IS NOT APPLICABLE HERE; THE LAW REGARDING *MARTINEZ* IS UNSETTLED

### A. Martinez Is Inapplicable To This Action

FedEx may not evade its obligations as an employer by requiring workers to "act as a corporation" or "business service provider." *Mattei v. Corp. Mgmt. Sols., Inc.*, 52 Cal. App. 5th 116, 124, as modified (July 14, 2020), review denied (Oct. 14, 2020) ("[T]he definition of "employer" is "broad enough to reach through straw men and other sham arrangements to impose liability for wages on the ***actual*** employer.") (emphasis added.) As discussed *infra,* there is no "joint-employer" relationship alleged here, and the "joint-employer" test espoused under *Martinez* does not apply.

Here, Plaintiff does not allege a joint-employer relationship, but rather alleges that Defendant directly employed himself and the class. In fact, Defendant's entire "joint-employer" argument rests upon *its own* assertion that it has entered into a bona fide business to business relationship with its "transportation service providers" ("TSPs") to carry out FedEx linehaul trucking operations on its behalf, and that those TSPs were not in-turn FedEx employees.

In codifying the ABC test, our legislature has promulgated the precise analysis used to determine whether a contractual arrangement between two businesses constitutes an employment relationship for purposes of California's Wage Orders. That analysis is the "business to business" exception to the ABC test contained within Labor Code § 2776 and is one of the retroactive provisions, discussed previously herein, applicable to all ongoing cases. *Lawson,* 13 F.4th at 912.

Section 2776 applies whenever "a business entity formed as a […] corporation (business service provider) contracts to provide services to another such business

2


[…] (contracting business)" and explicitly determines the misclassification to be utilized. (Cal. Lab. Code § 2776.) Section 2776 lays out twelve (12) enumerated requirements which must be met if a Defendant wishes to avoid application of the ABC test. *Id.* If Defendant fails to prove even one of the requirements, then "Section 2775 and the holding in *Dynamex*" will be applied. *Id.*

As discussed in Plaintiff's underlying Motion, the question of whether a bona fide "business to business" relationship exists can be addressed and determined on a class-wide basis. For example, the requirements that FedEx prove that "[t]he business service provider is free from the control and direction of the contracting business entity […] under the contract" will rely virtually completely upon the uniform "TSPA" agreements that FedEx required all transportation service providers to enter into. See §2776(a)(1). Similarly, because the TSPs are all contracted to perform linehaul trucking services on behalf of Fedex, the question of whether the "business service provider is providing services directly to the contracting business rather than to customers of the contracting business" also remains uniform. See § 2776(a)(2). Further, it is virtually undeniable that Defendant will not be able to establish requirement (10) that the "business service provider can negotiate its own rates" because it has previously admitted and conceded that TSPs were not permitted to negotiate their own rates. See Pltf. Mot. 13:28-14:2; Kennedy Dec. Ex. 4 at 180:24-181:5, 183:18-25 (Admitting that the terms and rates are presented by FedEx on a "take it or leave it basis"). Accordingly, Defendant cannot claim that a valid "business to business" relationship exists, and the ABC test will remain the proper test in determining whether FedEx was the true employer of Plaintiff and the Class.

Even absent the applicable statutory provisions above, the Ninth Circuit has independently recognized that the ABC test applies specifically where a Plaintiff has challenged a multi-tiered business arrangement as an attempt to avoid its employment obligations. *Vazquez v. Jan-Pro Franchising Int'l, Inc.*, 986 F.3d 1106, 1112 (9th Cir. 2021) ("*Jan Pro II*") There, the court found that the ABC test remains

1  applicable even where the employer has installed a separate and distinct corporation
2  between itself and its workers. *Jan Pro II*, 986 F.3d at 1111 (Recognizing that "Jan-
3  Pro and its master owners are separate corporate entities and each has its own staff.")
4  In *Jan Pro II*, "[Plaintiff] alleged that his status as a unit franchisee […] was a farce
5  and that he was actually a direct employee of Jan-Pro." *Id*. at 1112. Here, Plaintiff
6  likewise alleges that his status as the "authorized officer" of a "TSP" is a farce and
7  that he and others similarly situated were directly employed by FedEx. Ultimately
8  *Jan Pro II* is binding authority, and serves as the most applicable analysis in relation
9  to the specific allegations and theories of liability present in this case.

10        In contrast, the decisions relied upon by Defendant applying the *Martinez*
11  joint employer analysis are all readily distinguishable from the instant case because,
12  in each of those cases, a joint employment relationship was specifically alleged by
13  the Plaintiff in the complaint, and Plaintiff directly sought a finding of "joint
14  liability". See *Curry v. Equilon Enterprises, LLC*, 23 Cal. App. 5th 289, 296 (2018),
15  as modified on denial of reh'g (May 18, 2018); *Henderson v. Equilon Enterprises,*
16  *LLC*, 40 Cal. App. 5th 1111, 1114 (2019); *Salazar v. McDonald's Corp.*, 944 F.3d
17  1024, 1027 (9th Cir. 2019). Further, in those cases it was not alleged that class
18  members were "acting as a [corporation]" or "business service provider"; therefore,
19  none of those cases analyzed or addressed the provisions of Lab. Code § 2776. *Id*.

20        **B.**    **Application of the ABC Test Under Martinez Is Unsettled.**
21        Even among the cases identified *supra*, applying the *Martinez* joint-employer
22  analysis, the law is not settled. For example, in *Curry*, the court merely questioned
23  whether the ABC test applies to the joint employer analysis under *Martinez,* but did
24  *NOT* find that the ABC test was inapplicable. See *Jan Pro II*, 986 F.3d at 1124 f.n.
25  11 ("In *Curry,* the court was not sure that Dynamex applied [...] Thus, the court did
26  not have occasion to apply any of the ABC test-specific precedents"); See also
27  *Moreno v. JCT Logistics, Inc.*, 2019 WL 3858999, at *7 (C.D. Cal. May 29, 2019)
28  ("Curry did not conclusively hold that the ABC test does not apply in the joint

employment context.") Later, in *Henderson* the Cal. Court of Appeal found the ABC test to be inapplicable under *Martinez*. *Henderson*, 40 Cal. App. 5th 1111. However, shortly thereafter the Court of Appeal in *Taylor v. Fin. Cas. & Sur., Inc.* again recognized that the issue was unsettled, and specifically declined to reach the question. *Taylor v. Fin. Cas. & Sur.*, Inc., 67 Cal. App. 5th 966, 1002 f.n. 16 (2021), review denied (Dec. 1, 2021). After that, the court in *Medina v. Equilon Enterprises, LLC* explicitly disapproved of both the *Curry* and *Henderson* decisions. *Medina*, 68 Cal. App. 5th 868, 871 (2021) ("[W]e also disagree with the analysis of our sister courts on the application of the relevant tests for joint employer status").

These splits are also present, to a degree, within post-*Dynamex* 9th Circuit rulings. The courts in *Salazar* and *Jan Pro II* both addressed application of the ABC test to franchisee corporations. *Jan Pro II* found that the ABC test applied directly; while *Salazar* found that it did not apply under *Martinez*. The distinguishing factor between those decisions is that, *unlike this case*, in *Salazar* plaintiff specifically alleged a joint employer relationship, and sought joint liability; while in *Jan Pro II*, *like this case*, the plaintiff actively challenged the validity of the business arrangement and alleged that Defendant was in fact the direct employer.

Notably, the *Dynamex* Court directly relied upon *Martinez* when holding that the ABC test properly applied to the "suffer or permit to work" definition as to "all workers", and that the decision was not a change in existing law. *Dynamex Operations W. v. Superior Ct.,* 4 Cal. 5th 903, 916, 935-40 (2018). Thus to the extent that *Dynamex* is applicable to the *Martinez* test, it would again retroactively apply to all existing non-final claims and cases. *Jan Pro I*, 10 Cal.5th at 948. Retroactivity does not end at a specific date because the decision is merely a clarification of already existing law. *Id.*

DATED: May 6, 2022   **MARLIN & SALTZMAN, LLP**

By: s/ Cody R. Kennedy
Cody R. Kennedy
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Cody Kennedy, an attorney, certify that I caused the foregoing document to be served on all counsel of record in this action via the Court's CM/ECF system on May 6, 2022.

                                            s/ Cody R. Kennedy